21665.  CURETON v. CURETON (now ANDREWS) et al.

QUILLIAN, Justice.  Where an alimony judgment was obtained in rem against the real property of a nonresident husband, service being perfected by publication and the divorce petition having specifically prayed for a judgment against the property, such judgment is conclusive upon the husband. Thereafter, he may not urge its alleged invalidity, on the grounds

of lack of personal service and seizure, in response to an application for disbursement of funds held in the registry of the superior court from condemnation proceedings under the provisions of *Code Ann.* § 36-1104 et seq. *Carter v. Bush,* 216 Ga. 429, 430 (116 SE2d 568); *Code* § 110-502; *Forrester v. Forrester,* 155 Ga. 722 (118 SE 373); *Pendley v. Tumlin,* 181 Ga. 808, 811 (184 SE 283).

The trial judge having correctly determined that the divorce and alimony decree was valid, he did not err in awarding the proceeds from the condemnation of the property to the wife.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 13, 1962—DECIDED JUNE 25, 1962.

*Marvin O'Neal, Jr., Cassandra E. Maxwell,* for plaintiff in error.

*S. S. Robinson, Slaton Clemmons, Assistant U. S. Attorney, Eugene Gunby, J. M. B. Bloodworth, Jack L. Camp, Tax Commissioner, King & Spalding, Charles H. Kirbo,* contra.