### 31472. ANTHONY v. ANTHONY.

INGRAM, Justice.

This is the second appearance of this case before this court. In *Anthony v. Anthony*, 236 Ga. 508 (224 SE2d 349) (1976), the prior appeal "from the order [of the trial court] denying the defendant's plea to jurisdiction" was dismissed for want of jurisdiction in this court to hear that appeal. Thereafter appellant filed a motion to set aside the final judgment of the trial court which awarded alimony to appellant's wife. The denial of the motion to set aside the final judgment is the subject of this appeal.

This case began in Muscogee Superior Court when the wife filed a petition for alimony against her husband, the appellant. She later amended her complaint to allege that appellant had absconded to Alabama. Appellant made a special appearance and contended that he had become an Alabama resident. The trial court ordered that

---

appellant be served by publication and appointed a receiver to take charge of his real property in Muscogee County. The final judgment of the trial court granted the wife alimony by awarding her fee simple title to appellant's real property in Muscogee County.

Appellant contends that we must consider this action for alimony as an in personam proceeding. On this basis, he insists that an alimony judgment cannot be rendered against a nonresident defendant upon service by publication. See *Hammers v. Hammers,* 230 Ga. 711 (198 SE2d 656) (1973); *Hicks v. Hicks,* 193 Ga. 446 (18 SE2d 754) (1942). We recognize that a personal judgment for alimony cannot be rendered against a nonresident defendant upon service by publication. See Pennoyer v. Neff, 95 U. S. 714 (24 LE 565) (1877); McDonald v. Mabee, 243 U. S. 90 (37 SC 343, 61 LE 608) (1916); *Hicks v. Hicks,* supra. However, the present case was converted to an in rem proceeding and no personal judgment was rendered against appellant.

We think the trial court had jurisdiction to enter the present in rem judgment awarding the appellant's real property in Muscogee County as alimony to appellant's wife in this case. Lack of personal service does not necessarily imply a lack of jurisdiction, and in a proceeding in rem, service may be perfected by a seizure of the res. *Forrester v. Forrester,* 155 Ga. 722 (118 SE 373) (1923). Appellant does not contend that service was not obtained upon him in this case by publication or that he did not know of the seizure of his realty by the receiver before it was awarded by the trial court to his wife as alimony in the final judgment. We find no error in this enumeration.

Appellant also complains that the alimony judgment of the trial court awarded fee simple title to his property to his wife rather than limiting the award simply to the use of the property. In support of this argument, appellant leans upon the language in *Hicks v. Hicks,* supra, at p. 447, that "the extent of available judicial relief in reference to alimony against a non-resident defendant, who is not personally in this state. . . is confined to the seizure and *utilization* of such property as the defendant may own, situated within the jurisdiction of the court." A

casual reading of this language from the *Hicks* opinion lends credence to appellant's argument. However, in Georgia, a wife may be awarded title to her husband's property as permanent alimony. Code Ann. § 30-209. *Elrod v. Elrod,* 231 Ga. 222 (200 SE2d 885) (1973); *Standridge v. Standridge,* 224 Ga. 102 (160 SE2d 377) (1968). Furthermore, alimony awards in in rem proceedings granting the wife fee simple title to the husband's property have been given judicial sanction in prior cases. *Cureton v. Cureton,* 218 Ga. 88 (126 SE2d 666) (1962); *Carter v. Bush,* 216 Ga. 429 (116 SE2d 568) (1960).

We find no merit in appellant's enumerations of error and thus will affirm the judgment of the trial court.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1976 — DECIDED OCTOBER 5, 1976 — REHEARING DENIED OCTOBER 19, 1976.

*Araguel & Sanders, Patrick J. Araguel, Jr., Jerry D. Sanders,* for appellant.

*Hirsch, Beil & Partin, Milton Hirsch,* for appellee.