31540. ANTHONY v. ANTHONY et al.

Ingram, Justice.

This is an appeal by Herbert Anthony from an order of the Muscogee Superior Court granting appellee Willie Ruth Anthony's prayer in a counterclaim for the appointment of a receiver pending the trial of the case. The only question before us in this appeal is whether the trial court erred in appointing the receiver. We affirm.

In earlier proceedings, Willie Ruth Anthony, the appellee herein, obtained an in rem alimony judgment dated November 13, 1975, against her husband, Glenn W. Anthony. She was vested with title to his property in Muscogee County. That judgment was affirmed by this court in *Anthony v. Anthony,* 237 Ga. 753 (1976).

On January 27, 1976, Herbert Anthony, the appellant in this case, filed a complaint for an injunction and damages against the appellee. The complaint stated that appellant was the lessee of the Herbert Anthony Mobile Home Park. Title to this mobile home park had been vested in the appellee by operation of the alimony judgment against Glenn Anthony in the earlier litigation.

Appellant alleged that the appellee and a receiver appointed in the prior alimony suit were interfering with his right and the right of his tenants to free enjoyment and quiet possession of the property. On February 2, 1976, appellant filed a dispossessory action against the appellee seeking to have her evicted from her home located on the property for nonpayment of rent.

Appellee answered the January, 1976, complaint filed by appellant and filed a counterclaim seeking injunctive relief and damages against Herbert Anthony, Glenn W. Anthony and Marion J. Jones, Jr. (Herbert's and Glenn's attorney). Appellee asserted that the three of them had conspired to fraudulently deprive her of the use of her property and had interfered with her use and enjoyment of the property. Appellee requested that the dispossessory action against her be enjoined and that a receiver be appointed to take charge of the trailer park pending a final trial of the case.

The trial court conducted a hearing on appellee's counterclaim and then entered an order with findings of fact and conclusions of law, granting, inter alia, appellee's prayer for the appointment of a receiver to take charge of the trailer park.

The transcript of evidence shows that the trial judge was authorized to find that the appellee and her former husband (Glenn W. Anthony) were divorced on March 16, 1971, subsequently reconciled, but were divorced again on November 13, 1975. The evidence shows Glenn W. Anthony absconded to Alabama to avoid being personally served in the prior alimony action, which was then converted into an in rem proceeding. See *Anthony v. Anthony,* supra. Prior to that time Glenn W. Anthony had sold all of his real property in Georgia except the trailer park where he and his wife lived and which is the subject matter of the present suit.

In January, 1968, Glenn Anthony leased the mobile home park to appellant Herbert Anthony. In return, appellant agreed to pay a monthly rental of $2,000 and operate the park. Appellant and Glenn Anthony entered into another lease on October 18, 1973, under which appellant was to pay $1,000 monthly rent. On April 11, 1975, the parties entered into an addendum to the lease

under which appellant agreed to expend $36,000 in repairs and improvements on the property and Glenn Anthony agreed to waive the payment of rent.

In the present case, appellee claims that Glenn Anthony and Herbert Anthony entered into the trailer park lease and addendum without intending to comply with the terms of either but rather with the intent to delay or defraud appellee in her alimony claim and the use and enjoyment of the property by her under the alimony judgment she obtained against her husband. One of the reasons appellee gave for seeking the appointment of a receiver was that appellant was collecting the trailer rentals on the property and appropriating it to his own use while appellee, as the owner, retained the obligation of paying the taxes and insurance on the property. In addition, the appellee contends that if the leases are found by a jury to be fraudulent, appellant would be liable to her for rent.

The trial judge found that, "Plaintiff [Herbert Anthony] and Glenn Anthony in executing the purported amendment to the lease waiving rents in consideration for the expenditure of $36,000 on the property by plaintiff was made with the present intent for plaintiff not to comply with said promise and said amendment should be cancelled for that reason if for no other." The trial judge reviewed the evidence and found certain irregularities in the execution of the 1975 addendum to the lease which the trial judge concluded "strongly raises a question of fraud." The trial judge concluded that the funds and property which are the subject matter of the litigation could not otherwise be fully protected without the appointment of a receiver.

Code Ann. § 55-301 provides that, "When any fund or property may be in litigation, and rights of either or both parties cannot otherwise be fully protected, or when there may be a fund or property having no one to manage it, a receiver of the same may be appointed [on a proper case] made . . ." "Notwithstanding the oft-repeated rule that the power of appointing receivers should be prudently and cautiously exercised, and, except in clear and urgent cases, should not be resorted to, the power still remains in a court of equity in a proper case, and the discretion of the

court will not be disturbed unless manifestly abused." *Parrish v. Rigell,* 183 Ga. 218, 224 (188 SE 15) (1936). See also *McGarrah v. Bank of Southwestern Ga.* 117 Ga. 556 (43 SE 987) (1903); *Saliba v. Saliba,* 201 Ga. 681 (2) (40 SE2d 732) (1946).

In a suit between adverse claimants to property, a proper case for the appointment of a receiver is made when the right or title of the moving party is probable and a receivership is necessary for the preservation of the subject matter of the suit or for the protection of the interests of the parties pending the litigation. Cf. *Warner v. Warner,* 237 Ga. 462 (1976), and *Waycross Military Assn. v. Hiers,* 209 Ga. 812 (4) (76 SE2d 486) (1953). Applying the foregoing rule to the present case, we cannot say that the decision of the trial court to appoint a receiver was an abuse of discretion.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 20, 1976 — DECIDED
NOVEMBER 3, 1976.

*Araguel & Sanders, Patrick J. Araguel, Jr.,* for appellant.

*Hirsch, Beil & Partin, Milton Hirsch,* for appellees.