## 31813. ALBERS v. ALBERS.

PER CURIAM.

The appellant here, the former husband, has appealed from a judgment that awarded a divorce, custody of one child to appellee-mother, and permanent alimony to the appellee. Appellant asserts that the judgment should be reversed because it "was based upon an attempted service by publication."

Appellee filed her original complaint in DeKalb Superior Court on June 8, 1976; it sought a divorce, alimony, custody of three children, and the appointment of a receiver for real property within the jurisdiction of the court owned by appellant. It further alleged that the appellant had removed himself from the State of Georgia, that he had taken the three minor children with him, and it sought service upon him by publication as a nonresident of the state. The trial judge entered an order on June 8, 1976, ordering service by publication and appointing a receiver for the appellant's real estate located within the jurisdiction of the court.

The record shows that a deputy clerk mailed a copy of the Decatur-DeKalb News to the appellant at a Lakewood, Ohio, address on June 21, 1976. The appellant filed no pleadings and made no appearance in the case.

The trial court, after hearing evidence from appellee

on September 8, 1976, entered a final judgment in the case on September 21, 1976.

On September 22, 1976, appellant filed an Appearance of Counsel which stated: "This appearance on behalf of said defendant is not to be construed as a general appearance and is entered solely to contest this court's jurisdiction over the person of the defendant, Robert Craig Albers and limited thereto." On the same date, and without submitting himself to the jurisdiction of the court, the appellant filed a plea to the jurisdiction and a motion to set aside and vacate the judgment entered on September 21. Paragraph 6 of this motion read: "This court was and is without personal jurisdiction over the person of the defendant and service by publication is insufficient to give this court jurisdiction over the defendant for the purposes of awarding child support, alimony and attorney's fees."

The trial court then, on October 26, 1976, vacated the September 21 judgment and entered a new judgment holding that service upon the appellant by publication had been perfected, granting a divorce, awarding permanent custody of the child within the jurisdiction of the court to the appellee, and awarding the appellee as permanent alimony the realty within the jurisdiction of the court, the marital domicile, owned by appellant. The judgment also ordered the receiver to transfer title to the realty by quitclaim deed to the appellee subject to all outstanding liens and mortgages.

The appellant has come here for review of the October 26 judgment.

1. The trial court did not err in granting a divorce based on service by publication. The trial judge found as a fact, based on the affidavit of the deputy clerk of court contained in the record, that service by publication was properly perfected. We agree and affirm this ruling. Furthermore, appellant had actual notice of the pendency of the divorce action; he made a special appearance that resulted in the vacation of the first divorce judgment; but he still declined to submit personally to the jurisdiction of the court. The grant of the divorce was not erroneous.

2. The trial court did not err in awarding permanent custody of the child to the appellee. The child was within

the jurisdiction of the court; the appellant never submitted personally to the jurisdiction of the court; and in this situation he has no standing to complain of the award of custody to the appellee.

3. The appellant complains of the award of his property within the jurisdiction of the court to the appellee as permanent alimony. The court had on June 8, 1976, appointed a receiver for this property that was within the jurisdiction of the court; appellant had actual knowledge of this fact; appellant made a special appearance in the case but would not submit himself personally to the jurisdiction of the court; and, in this situation, there was no error in awarding appellant's property, in the custody of a court-appointed receiver, as permanent alimony. *Anthony v. Anthony*, 237 Ga. 753 (229 SE2d 609) (1976), cert. den. 3 FLR 2260 (Feb. 22, 1977).

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Ingram, Hall and Hill, JJ., concur.*

ARGUED JANUARY 24, 1977 — DECIDED APRIL 6, 1977.

*Simmons, Martin, Warren & Szczecko, Joseph Szczecko,* for appellant.
*Freeman & Hawkins, J. R. Cullens, Albert H. Parnell,* for appellee.

