## 32361. ANTHONY et al. v. ANTHONY et al.

HILL, Justice.

Glenn W. Anthony and his advisor Marion J. Jones, Jr., appeal from an order finding them in contempt of an injunction issued by Muscogee Superior Court which prohibited their interference with a receiver. This is the fourth appearance of Glenn W. and Willie Ruth Anthony before this court (*Anthony v. Anthony,* 236 Ga. 508 (224 SE2d 349) (1976); s. c., 237 Ga. 753 (229 SE2d 609) (1976); s. c. 237 Ga. 872 (230 SE2d 752) (1976)), and is a continuation of the latter case.

On November 13, 1975, Mrs. Anthony obtained a quasi in rem alimony judgment against her husband, Glenn W. Anthony, which vested her with title to his property in Muscogee County. This judgment was affirmed. *Anthony v. Anthony,* 237 Ga. 753 (229 SE2d 609) (1976), cert. den. 51 LE2d 546.

On February 12, 1976, Herbert Anthony, a cousin of the husband, filed suit to enjoin the wife from interference with a purported lease of that property to him by the husband. This lease allegedly had been executed on October 18, 1973, before the alimony judgment. It was witnessed by Marion J. Jones, Jr. The wife brought a counterclaim for fraud which sought damages and a receiver for the property and sought to join her former husband and Marion J. Jones, Jr. On April 16, 1976, the trial court overruled Glenn W. Anthony's and Marion J. Jones, Jr.'s motions to dismiss for lack of jurisdiction, joined them as additional parties, and appointed the receiver. (We affirmed the appointment of the receiver in *Anthony v. Anthony,* 237 Ga. 872 (230 SE2d 752) (1976)). To preserve the status quo, the trial court on that date also enjoined those persons having knowledge of the order, including specifically Herbert Anthony, Glenn W. Anthony and Marion J. Jones, Jr., from ". . . interfering . . . or acting in any way to contravene the letter and intent of this order, or the duties of said receiver in any way whatsoever."

At trial in December, 1976, after presentation of plaintiff Herbert Anthony's evidence regarding the alleged lease, a directed verdict was ordered against him.

There was evidence to show that the paper on which the October, 1973, lease was written was not manufactured until 1974. On the wife's counterclaim and third party complaint, the jury returned a special verdict finding the lease to be fraudulent and awarded $16,000 damages against Herbert Anthony and $15,000 punitive damages and $10,000 attorney fees against Glenn W. Anthony and Marion J. Jones, Jr. Motions for new trial are pending, and thus the orders as to the receiver are still in effect, Code Ann. § 81A-162 (b).

On February 7, 1977, there was filed for record in Muscogee County a purported deed signed by Glenn W. Anthony and witnessed by Marion J. Jones, Jr., dated August 11, 1975, conveying property in the hands of the receiver to Marquette Mobile Homes, Inc., an Alabama corporation.

The wife brought this action for citation for contempt. The trial court found that Glenn W. Anthony had had the deed recorded and that the act of attempting to transfer the property was in wilful contempt of the injunction.[1] The trial court also found that Marquette Mobile Homes, Inc., was wholly owned and operated by Marion J. Jones, Jr. The court ordered Glenn W. Anthony and Marion J. Jones, Jr., confined to the Muscogee County jail until they execute such documents as may be necessary to remove the deed from the records.

1. Appellants contend there was no evidence of an act occurring after the April 16, 1976, injunction for which wilful contempt could be found. The recording of the deed occurred after the injunction. The trial judge considered the fact of recording and the ownership of Marquette Mobile Homes, Inc. He considered the previous litigation between the parties. The evidence before the trial court included the following: On August 15, 1975, Mrs. Anthony filed suit for alimony. After Glenn W.

---

[1] Glenn W. Anthony and Herbert Anthony were represented by one law firm. It was one of these attorneys who had the deed recorded. The evidence therefore supports the trial court's finding that Glenn W. Anthony had the deed recorded.

Anthony removed his cash and securities to Alabama, Mrs. Anthony sought to acquire in rem jurisdiction by asserting that Glenn W. Anthony owned the property in question. Glenn W. Anthony filed a plea to the jurisdiction claiming residence in Alabama. He did not at that time deny ownership of the property.

After the property was awarded to the wife, a lease appeared, purportedly executed in 1973 by Glenn W. Anthony and witnessed by Marion J. Jones, Jr., on paper manufactured in 1974. After the lease was found to be fraudulent, a deed appeared, purportedly executed and witnessed by Messrs. Glenn Anthony and Jones on August 11, 1975, but not recorded until 1977. At the contempt hearing, neither Glenn W. Anthony nor Marion J. Jones, Jr., appeared or offered any evidence to rebut the showing made by Mrs. Anthony. The trial court's findings and conclusions are not clearly erroneous (Code Ann. § 81A-152 (a)), and no abuse of discretion has been shown. *Fernandez v. Fernandez,* 232 Ga. 697 (1) (208 SE2d 498) (1974).

2. Appellants contend that the trial court did not have jurisdiction over their persons. Personal jurisdiction for the contempt was properly based upon the personal jurisdiction obtained in the previous pending action in which the injunction was issued. *Roberts v. Roberts,* 226 Ga. 203 (1) (173 SE2d 675) (1970); Code Ann. § 81A-105 (b). A challenge to the injunction for lack of personal jurisdiction cannot be made in a contempt proceeding to punish the violation of the injunction when there was opportunity for effective review of the injunction before it was violated. Code Ann. § 6-701 (a) 3; see *Fernandez v. Fernandez,* 232 Ga. 697, supra; 14 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3537. The trial judge did not err in finding appellants in contempt.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 13, 1977 — DECIDED JUNE 20, 1977.

*Larry L. Taylor, Michael E. Garner, Elkins & Flournoy, James A. Elkins, Jr.,* for appellants.

*Hirsch, Beil & Partin, Milton Hirsch, Moore, Worthington & Dupree,* for appellees.