54647, 54648. ANTHONY v. ANTHONY et al. (two cases).

DEEN, Presiding Judge.

Herbert Anthony appeals from an order of the Muscogee County Superior Court which overruled and denied his motion for a new trial. He complains that the trial court erred in directing a verdict against appellant on motion of appellee, that the trial court erred in

overruling appellant's motion for a directed verdict on the counterclaim of Willie Ruth Anthony, and that the verdict and judgment are contrary to the law and evidence.

This case marks the fifth appearance of these parties before the appellate courts (*Anthony v. Anthony,* 236 Ga. 508 (224 SE2d 349); *Anthony v. Anthony,* 237 Ga. 753 (229 SE2d 609); *Anthony v. Anthony,* 237 Ga. 872 (230 SE2d 752); *Anthony v. Anthony,* 239 Ga. 273 (236 SE2d 273)), and is a continuation of the later two cases. A full recital of the facts in the case sub judice may be found in *Anthony v. Anthony,* 239 Ga. 273, supra, and will not be repeated except where necessary to explain this court's ruling.

1. Appellant complains that the trial court erred in granting appellee's motion for a directed verdict at the close of his evidence. We disagree with this contention. A review of the transcript reveals that the court directed a verdict because appellant failed to prove or even show that appellee had done anything to him or his purported leasehold interest, and because he failed to show any computable damages relating to the appellee's alleged acts which he claims harmed his leasehold interest.

Appellant admitted on cross examination that appellee had done nothing personally to harm him; he placed full blame for his alleged damages upon the receiver appointed by the court. See *Anthony v. Anthony,* 237 Ga. 872 (230 SE2d 752), which affirmed the appointment of a receiver by the trial court because Willie Ruth Anthony claimed that appellant was collecting rentals on the trailer park which was awarded to her as permanent alimony and appropriating them to his own use and because the trial court found irregularities in the 1975 addendum to appellant's purported leasehold interest. The receiver is an officer of the court and not an agent of the lessee. *Erikson v. Hewlett,* 212 Ga. 423 (93 SE2d 563); *Tindall v. Nisbet,* 113 Ga. 1114 (39 SE 450). Therefore, any tortious actions that may have been committed by the receiver cannot be attributed to appellee.

Appellant also admitted that the trailer park was in bad financial shape and had been losing money for a number of years. This testimony was confirmed by his

accountant. However, no amount of damages was proven that could be attributed to acts of appellee nor was any manner of computing damages introduced for the jury to consider. "Where a party sues for damages, he has the burden of proof of showing the amount of the loss in a manner in which the jury . . . can calculate the amount of the loss with a reasonable degree of certainty. An allowance for damages cannot be based on guess work. *Studebaker Corp. v. Nail,* 82 Ga. App. 779 (62 SE2d 198)." *Big Builder, Inc. v. Evans,* 126 Ga. App. 457, 458 (191 SE2d 290).

The only question that remains is: Was a directed verdict demanded by the evidence? *Bennett v. Associated Food Stores, Inc.,* 118 Ga. App. 711 (165 SE2d 581). We hold that based on the above-stated evidence, the trial court correctly directed a verdict in favor of the appellee.

2. Appellant complains that the trial court erred in refusing to grant his motion for a directed verdict on the appellee's cross action. We disagree with this contention because there were questions of fact which had to be determined by the jury. The question of whether the lease and addendum were fraudulently executed as part of a conspiracy to deprive appellee of her alimony award was properly a question for jury determination. Herbert Anthony testified that the lease was executed in 1973 by Glenn W. Anthony and witnessed by Marion J. Jones, Jr. Appellee's expert witness, however, testified that the paper upon which the lease was executed was not manufactured until 1974. The evidence also showed that Herbert Anthony had been paying a rental of $1,000 per month to Glenn W. Anthony and that after appellee was awarded the property an addendum to the lease was produced which excused appellant from further rental payments if he improved the property over a three-year period. Appellee testified that she had been deprived of rentals for sixteen months. The loss to appellee was easily calculable by the jury and did not require the trial court to direct a verdict in favor of appellant. *Big Builders, Inc. v. Evans,* supra.

3. The jury verdict found that the lease between Glenn W. Anthony and Herbert Anthony, dated October 18, 1973, was fraudulent and that it should be set aside or

rescinded. They also found that the addendum, dated April 11, 1975, was fraudulent and should be set aside. They awarded appellee $16,000 actual damages against Herbert Anthony, $15,000 punitive damages against Herbert Anthony and Marion Jones, and $10,000 attorney fees against Herbert Anthony and Marion Jones. Appellant made no objection to the form of the verdict when it was published, but later filed a motion for a new trial. Appellee also filed a motion for a new trial. After a hearing on the motion, the trial court entered an order finding that the judgment in question is severable and divisible, there was no error in the directed verdict against Herbert Anthony, and no error in the jury verdict finding the lease and addendum to be fraudulent. However, as to damages awarded pursuant to the jury verdict, the court found no error in the award of $16,000 actual damages against Herbert Anthony, but that the award of punitive damages and attorney fees against Herbert Anthony and Marion J. Jones, Jr., while supported by the weight of the evidence and not objected to, were improper as a matter of law because no actual damages were awarded against Marion J. Jones, Jr. The court held that it was inclined to grant a new trial to all parties in the cross action on the sole issue of damages alone, but in an effort to render a judgment that would most likely dispose of the time-consuming and extensive litigation involved in this case, the court would accept Willie Ruth Anthony's offer to strike from the judgment her prayers for punitive damages and attorney fees. The court then denied all motions for a new trial and reserved to Mrs. Anthony the right to reinstate her prayers for damages if defendant appealed the decision or if this matter came on for trial on the issue of damages or on any other issue.

We hold that the trial court did not err in refusing to grant appellant's motion for a new trial because the trial court can review a verdict severably rather than as a whole ". . . if it can logically separate issues rightly decided from those wrongly decided, [it] can order a re-trial only of those issues that can be separated. . ." *Swindell v. Swindell*, 231 Ga. 167, 169 (200 SE2d 736). In the case sub judice, the verdict and judgment were

rendered in separate divisions and thus could easily be separated. The trial court also has the authority to uphold those portions of a verdict and judgment and to strike down those portions which are in error. "Where a judgment excepted to is erroneous in part and can be segregated so that the legal part can be separated from the illegal, it is not necessary to set aside the entire judgment, but only the portion which is erroneous." *Chicago Bldg. &c. Co. v. Butler,* 139 Ga. 816 (78 SE 244).

Although the form of the verdict was not excepted to by appellant when it was published, the trial court was concerned with the validity of a verdict which awarded exemplary damages to several defendants who were sued jointly, but actual damages were only awarded against one of them. See Code Ann. § 105-2005; *Haugabrook v. Taylor,* 225 Ga. 317 (168 SE2d 162). Trial courts and appellate courts have consistently been given authority to condition retrials upon the remission of improper or excessive damages. *Cramer & Co. v. Huff,* 114 Ga. 981 (41 SE 57); *Orkin Exterminating Co. v. Townsend,* 136 Ga. App. 50 (220 SE2d 14). In *Cramer,* the Supreme Court held that at the hearing on a motion for a new trial if plaintiff offered to write off the recovery of attorney fees in order to correct an error in the verdict ". . . he should have been permitted to do so . . . as this would have effectually corrected the error." Therefore, when Mrs. Anthony offered to strike attorney fees and punitive damages from the verdict she was offering to correct any error that might have been made in the verdict, and the trial court was correct in refusing to grant appellant's motion for a new trial. We also agree with the trial court that there was ample evidence to support the verdict.

4. As appellee indicated to the trial court that she was anxious to terminate litigation with appellant and would therefore relinquish her prayer for attorney fees and punitive damages if appellant has not been awarded a new trial on the issue of damages, this court dismisses her cross appeal.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

Argued October 5, 1977 — Decided November 1, 1977.

*Moore, Worthington & Dupree, Samuel W. Worthington, III, William C. Moore,* for appellant.

*Elkins & Flournoy, James A. Elkins, Jr., Hirsch, Beil & Partin, Milton Hirsch, Jacob Beil,* for appellees.

*Larry L. Taylor,* for appellees (case no. 54648).