32759. ANTHONY et al. v. ANTHONY et al.

MARSHALL, Justice.

The present case involves a citation for contempt brought by Willie Ruth Anthony, appellee, against Herbert Anthony and Marion Clark, appellants. The background of this case is not unfamiliar to this court, and is found in *Anthony v. Anthony,* 237 Ga. 753 (229 SE2d 609) (1976), cert. den. 51 LE2d 546; *Anthony v. Anthony,* 237 Ga. 872 (230 SE2d 752) (1976); and *Anthony v. Anthony,* 239 Ga. 273 (236 SE2d 621) (1977). The prior decisions will hereinafter be referred to as *Anthony* I, II, and III in chronological order.

There is only one material fact occurring before rendition of the order appealed from in *Anthony* III that does not appear in the earlier decisions: It appears from the record in this case that after the trial court ordered the appointment of a receiver to take charge of the mobile home park, which was affirmed in *Anthony* II, the court agreed to allow Herbert Anthony to continue operating the park upon his posting a $10,000 bond.

On March 2, 1977, Glenn W. Anthony and Marion J. Jones, Jr. were held in contempt for conveying this property to Marquette Mobile Homes, Inc., which was affirmed in *Anthony* III. On the same day, the court entered another order finding that Herbert Anthony had allowed the trailers, houses, and furnishings located on the property to deteriorate. The court ordered the bond Anthony had posted to be increased from $10,000 to $100,000. Anthony was ordered to post the bond the following day, March 3. In the event Anthony failed to

post the bond as ordered, the receiver was directed to take charge of the property.

On March 4, the court entered an order finding that Anthony had posted a $100,000 bond, but without good surety. This bond was therefore rejected by the clerk of superior court. As a result, the receiver attempted to take possession of the property, but the resident manager, Marion Clark, refused to turn over the keys to him. By the order of March 4, the court directed Marion Clark and any party having knowledge of the order to cooperate with the receiver and not interfere with him in taking possession of the "properties, trailers, books and records, cash on hand and all other properties of said operation."

Subsequently, the appellee filed another contempt citation alleging that the appellants had refused to relinquish possession of the trailer park, including the books and records, to the receiver. The petition prayed that the appellants be held in wilful contempt, ordered to make an accounting, and that failing to properly account, Herbert Anthony forfeit the $10,000 bond.

Herbert Anthony was served with a copy of the contempt citation by service upon his attorney of record. Marion Clark was not served, and she did not enter an appearance at the show-cause hearing. At the hearing, the court found that although service had not been perfected on Marion Clark, she was aware of the court order directing the receiver to take charge of the property and that she knowingly attempted to prevent it. The court entered an order finding her in wilful contempt and ordered her arrested and brought before the court to show cause, if any, why she should not be held in contempt.

The court also found that Herbert Anthony was in wilful contempt and ordered him jailed until he purged himself of contempt, which portion of the contempt order is now moot due to his subsequent death. However, the court ordered the $10,000 bond to be forfeited (due to Anthony's failure to maintain the property); accordingly, the court rendered a judgment in favor of the appellee against appellant Anthony, together with his surety, in the amount of $10,000, to be held by the receiver pending a final determination in the case. This latter portion of the

order is not moot, and will be reviewed in this appeal.

Appellant Clark appeals and argues that the trial court erred in holding her in wilful contempt.

1. A person may be held in contempt of a court order entered in a proceeding in which he was not a party, if it is shown that the person sought to be held in contempt had actual notice of the order. See *Tomlin v. Rome Stove &c. Co.,* 183 Ga. 183 (3a) (187 SE 879) (1936) and cits.

However, "[i]n cases of constructive contempt of court, where the alleged contumacious conduct is disobedience to a mandate of the court, not an act in the presence of the court or so near thereto as to obstruct the administration of justice, the law requires that a rule nisi issue and be served upon the accused, giving him notice of the charges against him, and that he be given an opportunity to be heard. *Mendel v. Mendel,* 202 Ga. 675 (44 SE2d 257); *Williams v. Mann,* 188 Ga. 212, 215 (3 SE2d 557); *Harris v. Harris,* 205 Ga. 105 (52 SE2d 598). See also *Wheeler v. Harrison,* 57 Ga. 24, and *Carson v. Ennis,* 146 Ga. 726, 728 (92 SE 221, LRA 1917E 650); *Garland v. State of Ga.,* 99 Ga. App. 826, 830 (110 SE2d 143).

"The notice given by the rule nisi is to afford the accused a reasonable time in which to prepare his defense to the charge that he had violated the court's order. . ." *Barnes v. Tant,* 217 Ga. 67, 72 (121 SE2d 125) (1971).

The action of the trial court in ordering appellant Clark arrested (not incarcerated) and brought before the court to show cause why she should not be held in contempt was, thus, in conformity with the procedural safeguards laid down in the prior decisions, and was well within the inherent power of the court to compel obedience to its judgments, orders, and process. Code § 24-104.

2. Appellant Anthony advances three reasons in support of the argument that the trial court erred in ordering the bond forfeited: (1) there were no prayers for forfeiture of the bond in the petition for citation for contempt, (2) the surety was not made a party to the contempt action or notified of the action, and (3) the terms of the bond itself do not require anything other than the delivery of the property immediately upon the entry of the

final order of any court from which no appeal may be taken.

Contrary to the appellant's argument, the appellee's contempt citation did contain a prayer for forfeiture of the bond.

The bond which the appellant was required to post was in lieu of the interlocutory injunction and appointment of a receiver which had previously been ordered by the court. The authority of the trial court to order the appellant to post such a bond is found in Code § 55-202. Under Code Ann. § 6-1002 (c) (Ga. L. 1965, pp. 18, 22), the liability of the surety for an appeal or supersedeas bond may be enforced on motion without the necessity of notice or an independent action. The liability of a surety on a bond entered under Code § 55-202, which is in the nature of a supersedeas bond, may be enforced without notice to the surety.

The third reason in support of the appellant's argument overlooks the terms of the order of the trial court pursuant to which the appellant posted the bond. That order held the appellant in contempt of court for failure to relinquish control of the trailer park to the receiver; but, by agreement of the parties, allowed the appellant to purge himself of contempt by posting a $10,000 bond to insure payment of all debts on the trailer park and continued maintenance and upkeep of the facilities.

The court ordered the bond forfeited because the appellant failed to maintain the premises, as ordered. This finding is not controverted by the appellant. Upon his failure to comply with this condition under which the bond was allowed, the trial court was authorized to order the bond forfeited and the proceeds delivered to the receiver, who has been ordered to take charge of the property pending a final accounting.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 21, 1977 — DECIDED NOVEMBER 8, 1977.

*Moore, Worthington & Dupree, William C. Moore, Samuel W. Worthington, III, Elkins & Flournoy, James A.*

*Elkins, Jr.,* for appellants.
  *Larry L. Taylor, Jacob Beil, Hirsch, Beil & Partin,
Milton Hirsch,* for appellees.