## 65383. ALLIGOOD et al. v. HENDERSON.

BIRDSONG, Judge.

H. C. Alligood and his wife contracted with James Henderson for Henderson to build a model home on a lot already occupied by the Alligoods. The Alligoods had lived in a mobile home on the lot for five years before the house was built and were aware of a drainage problem inherent in the lay of the land. The plans and specifications called for Henderson to build the home on a concrete slab on grade without specific mention of height or depth of the slab in relation to grade. There was evidence that the slab was laid 8 to 12 inches above grade upon a foundation but a question remained as to whether the slab was at the level of or lower than the highest elevation of the lot. It was also established that unless one was familiar with a drainage problem, the lot gave no overt indication that a drainage problem existed. Alligood retained all responsibility for landscaping and grading.

When the home was completed, it was observed to be "beautifully" built and though the cost was $23,600, it was valued at about $25,500. The Alligoods closed the loan and accepted the home as being complete though they presented a "punch" list to the builder for correction. Six months after moving into the home, heavy rains caused flooding of up to 6 or 7 inches of water in the home. The water caused damage to the furnishings, the concrete slab and the wooden doors. Alligood brought suit for breach of contract claiming it would take an additional $1,000 to complete the house and $9,000 to recompense the damages to the interior. The trial court granted Henderson a directed verdict and the Alligoods bring this appeal to that grant. *Held:*

By virtue of the pleadings and a pretrial order, the only issue before the assembled jury was an action on breach of contract. The contract did not provide for breach of warranty nor did the pleadings seek such a recovery. The evidence adduced by the Alligoods established that Henderson delivered a home fully in accord with the plans and specifications and the finished product was valued at more than the contract price. All damage sought by the Alligoods pertained

to water damage that occurred six months after the Alligoods had accepted the home in writing as complete and in compliance with the plans and specifications. Though Mr. Alligood specified certain deficiencies, he offered no testimony as to the cost of correction of those deficiencies.

In a suit for damages for breach of contract, a plaintiff must show credible and competent evidence to enable a jury to arrive with reasonable certainty at the amount of the loss and the loss must be traceable to the alleged breach of contract. In this case the Alligoods failed to meet either prong of that test. Accordingly, direction of the verdict in favor of the builder Henderson was proper. *Anthony v. Anthony,* 143 Ga. App. 691, 693 (240 SE2d 167); *Bennett v. Associated Food Stores,* 118 Ga. App. 711, 714 (165 SE2d 581).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 11, 1983.

*H. Dale Thompson,* for appellants.
*Johnny W. Warren,* for appellee.