A03A2485. IN RE ORENSTEIN.
(593 SE2d 690)

MIKELL, Judge.

Jason M. Orenstein, an attorney, was held in contempt and ordered to pay $500 weekly into the Jones County Superior Court registry to replace the $29,000 withdrawn from the registry by his client, Vejay Masonry, Inc. ("Vejay"). He appeals from that order, and we affirm.

On August 5, 2002, Jerome Burnett, Vejay's president, filed a

---

materialman's lien in the amount of $29,000 against property owned by Michael T. Braswell. On September 27, 2002, Braswell substituted a cash bond for the lien by paying $29,000 into the court's registry so that he could sell the property. Burnett learned that the cash bond had been paid and asked the clerk of the court to release the money to him. The clerk informed him that in order to do so, the clerk's office needed a release form from Burnett's attorney. Burnett called Orenstein, and upon learning that he was not in the office, told Orenstein's secretary what he needed. The secretary called Orenstein, who directed her to prepare the order. The order was entitled "Order to Allow Payment of Cash Bond Over to Materialman" and stated:

> The parties having moved to have the cash bond to discharge the lien paid over to Vejay Masonry, Inc., and the same appearing proper under the circumstances, IT IS HEREBY ORDERED that the cash bond to discharge lien be paid over to Vejay Masonry, Inc. (in the amount of $29,113.04) and the material lien as recorded in . . . be marked satisfied and cancelled of record.

The order contained a signature line for the judge and stated that it was prepared by Orenstein. The trial judge signed the order.

When Braswell's attorney discovered that the lien had been discharged, she moved to set aside the order. At the hearing on Braswell's motion on January 30, 2003, Orenstein admitted that his secretary prepared the order and that he did not contact Braswell's attorney to verify the settlement prior to the preparation of the order. Burnett testified that the clerk's office needed the release; that he went to Orenstein's office and obtained the release from Orenstein's secretary, who called Orenstein before preparing the document; and that he did not discuss the order with Orenstein. Burnett denied that he told Orenstein's secretary that the case was settled.

During the hearing, the trial judge stated that he signed the order because it reflected an agreement between the parties and was prepared by the attorney for one of the parties. After hearing argument from counsel and Burnett's testimony, the court ordered Burnett to return the money to the court's registry within 30 days, expressly reserved ruling on Orenstein's liability, and ordered the parties to reconvene on March 5, 2003.

Burnett did not redeposit the funds, and neither he nor Orenstein appeared on March 5, 2003, or contacted the court about their failure to appear. Consequently, the court entered an order on March 14, 2003, granting the motion to set aside and requiring Burnett and Orenstein, jointly and severally, to deposit the funds into the court's registry within 30 days, and upon failure to do so, to appear before

the court on April 18, 2003, to show cause as to why they should not be held in contempt. The funds were not paid, and the April 18 hearing was continued to May 8, 2003. Orenstein attended the hearing, but Burnett did not. The transcript of the May 8, 2003, hearing is not included in the record. However, the hearing led to the order from which Orenstein appeals, which the trial court entered after giving Orenstein yet another 30 days to resolve the matter.

Orenstein asserts three errors: (1) there was no reference to wilful or intentional conduct in the court's order that would justify its finding of contempt; (2) the amount he has been ordered to pay is excessive; and (3) the trial court is without jurisdiction to impose a fine without affording him due process rights. On appeal, a trial court's determination of whether a contempt has occurred will not be overturned unless there has been a gross abuse of discretion.[1] Finding no such abuse, we affirm.

1. In his first enumeration of error, Orenstein argues that the trial court's order is erroneous because it does not refer to any wilful or intentional conduct that can be characterized as contemptuous. We disagree.

"Constitutional courts of Georgia have inherent and legislative authority to punish for contempt, any person in disobedience of its judgments, orders, and processes. Proper administration of justice by our courts demands they have the power to enforce obedience, by contempt proceedings if necessary."[2] "It is only necessary that the order [finding contempt] specify sufficient facts to show that the respondent was in contempt of court."[3] No magic words are required.[4]

During the January 30 hearing, Orenstein agreed to appear before the court on March 5, 2003, but wilfully failed to appear and did not contact the court to provide a reason for his lack of attendance. After the show cause order was issued, he appeared at the May 8, 2003, hearing, but we have no transcript of that hearing. "In the absence of either record or transcript, this Court must presume the correctness of the ruling by the trial court."[5] From the trial court's order, it appears that during the hearing Orenstein did not dispute that the order was prepared at his direction but simply maintained that he was not responsible for its inaccuracy. The order purported that the parties had reached a settlement, yet Orenstein admitted

---

[1] *Warehouse Carpet Sales & Svc. v. S.C.J. Assoc.*, 170 Ga. App. 352, 353 (2) (317 SE2d 328) (1984). Accord *R.R.R. Limited Partnership v. Recreational Svcs.*, 267 Ga. 757, 758 (3) (481 SE2d 225) (1997).

[2] (Citations omitted.) *In re Boswell*, 148 Ga. App. 519, 520 (251 SE2d 596) (1978).

[3] (Citation and punctuation omitted.) *Warehouse Carpet*, supra at 354 (4).

[4] Id.

[5] (Citation omitted.) *Sawyer v. Cardiology of Ga.*, 258 Ga. App. 722, 723 (2) (575 SE2d 11) (2002).

that he made no effort whatsoever to verify that a settlement had been reached. Additionally, Orenstein made no effort to redeposit any portion of the funds after being directed to do so. "If there is any evidence in the record to support a trial judge's determination that a party . . . has . . . wilfully disobeyed the trial court's order, the decision of the trial court will be affirmed on appeal."[6] We find that the evidence supported the trial court's finding of contempt and that its order sufficiently set forth facts in support thereof. In doing so, we flatly reject Orenstein's argument that the trial court had a duty to inquire into whether the case was resolved before signing the order.

2. Orenstein argues that pursuant to OCGA § 15-6-8 (5), the trial court was not authorized to impose a fine in excess of $500. The applicability of this statute turns upon whether the contempt was civil or criminal, and to make that determination, we must look to the purpose of the sanction.[7] The trial court ordered Orenstein to pay $500 per week until the matter has been resolved or until the sum paid equals the amount withdrawn from the court's registry. Where the primary purpose of a sanction is to provide a remedy for an injured party by imposing a conditional punishment on the contemnor as a means to coerce future compliance with a prior court order, the contempt is considered to be civil,[8] rather than criminal.[9] In this case, the purpose of the sanction was to provide a remedy to Braswell, whose funds would not have been wrongfully removed from the court's registry but for the court order prepared by Orenstein. Thus, the contempt here is civil. OCGA § 15-6-8 (5) is not applicable to sanctions imposed for civil contempt.[10]

3. In his last enumerated error, Orenstein argues that the court did not have authority to impose this sanction without affording him the due process right to defend himself in a separate civil action. "In Georgia and the majority of foreign jurisdictions, the violation of a court's order by one who was not a party to the proceedings can be punished as a contempt only if it is alleged and proved that the contemnor had actual notice of the order for disobedience of which he is sought to be punished."[11] In this case, the court's order requiring Orenstein to show cause as to why he should not be held in contempt

---

[6] *Crowder v. Crowder*, 236 Ga. 612 (225 SE2d 16) (1976).

[7] *Ensley v. Ensley*, 239 Ga. 860, 861 (238 SE2d 920) (1977).

[8] See id.; *Lee v. Environmental Pest &c. Control*, 243 Ga. App. 263, 264 (1) (533 SE2d 116) (2000).

[9] "Where the primary purpose [of the sanction] is to preserve the court's authority and to punish for disobedience of its orders, the contempt is criminal." *Ensley*, supra at 861.

[10] *In re Harvey*, 219 Ga. App. 76, 80 (464 SE2d 34) (1995).

[11] (Citation, punctuation and emphasis omitted.) *The Bootery, Inc. v. Cumberland Creek Properties*, 271 Ga. 271, 272 (2) (517 SE2d 68) (1999). Accord *Carson v. Ennis*, 146 Ga. 726 (92 SE 221) (1917).

provided Orenstein notice and an opportunity to be heard, which are the due process rights to which he was entitled.[12] Accordingly, this enumeration fails.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 16, 2004.

*Almand & Wiggins, O. Hale Almand, Jr.,* for appellant.
*Harris & James, Kathryn W. Gerhardt,* for appellee.