## A09A1709. SUN v. GIRARDOT et al.
### (691 SE2d 278)

MILLER, Chief Judge.

Joseph C. Sun, pro se, filed a complaint in Chatham County against Steven and Mary Girardot ("the Girardots") to set aside a Newton County order, which held him in contempt of a permanent injunction entered in a lawsuit the Girardots previously commenced against Sun-Pacific Enterprise, Inc. ("Sun-Pacific"), prohibiting Sun-Pacific's transfer of certain realty located in Hall County. Sun appeals from the trial court's grant of the Girardots' motion to dismiss. He argues that the trial court erred in (i) finding that the contempt order was not void on its face given his lack of notice of the contempt hearing; and (ii) vacating and reversing the conveyances of realty to him upon such finding. Finding that Sun received notice of the contempt proceedings, and the trial court had personal jurisdiction over Sun to find him in contempt, we affirm.

We apply a de novo standard of review to a trial court's ruling on a motion to dismiss. See *Alcatraz Media, LLC v. Yahoo, Inc.*, 290 Ga. App. 882 (660 SE2d 797) (2008).

The record shows that the Girardots filed a motion for contempt against Sun-Pacific, Sun, individually, and Mei Wai Shek, individually, in Newton County Superior Court concerning Sun-Pacific, Sun, and Shek's alleged violations of a permanent injunction order dated September 27, 2000 ("former judgment").[1] On December 9, 2002, the trial court held a hearing on the Girardots' contempt motion at which Shek was not present, and found that Sun-Pacific and Sun and Shek, individually, "knowingly, intentionally and willfully violated its former judgment," which prohibited Sun-Pacific from conveying Lot 1 in the Costa Lanier Subdivision in Hall County to Sun. The trial court also held that Sun knowingly participated in Sun-Pacific's fraudulent transfer of Lots 13 and 15 in said Subdivision to Sun "to

---

[1] The motion for contempt and rule nisi are not contained in the record on appeal. Nor is the former judgment included in the appellate record.

specifically avoid Plaintiff's $16,000 judgment," also secured in the former proceedings. The trial court held both Sun and Shek in contempt, incarcerated them, and reversed the foregoing transfers of real property. According to the January 7, 2003 contempt order, a copy of the motion for contempt and rule nisi order were sent to Sun, registered agent of Sun-Pacific, and Shek, CEO of Sun-Pacific, by certified and regular mail. The two certified mailings sent to Sun at two different addresses in Gwinnett County, a post office box and a residential address, were returned unclaimed.

On September 19, 2008, Sun filed a complaint in Chatham County against the Girardots to set aside the 2003 Newton County contempt order pursuant to OCGA § 9-11-60 (a) and (f). Sun alleged, inter alia, that the Newton County trial court lacked personal jurisdiction over him because he "was not served with any notice of the Newton hearing or rule nisi." The Girardots filed an answer denying the allegations, and thereafter filed a motion to dismiss based on lack of subject matter jurisdiction and improper venue. The trial court granted the motion to dismiss after consideration of the parties' written submissions.

1. Sun contends that the trial court erred in failing to find that the contempt order was "void on its face" because the certified mail notices to him went unclaimed, and this fact contradicted the trial court's finding that he was "properly notified" of the contempt hearing. He also argues that the trial court's reliance on *Anthony v. Anthony*, 240 Ga. 155 (240 SE2d 45) (1977), was misplaced given his lack of notice of the contempt hearing. We disagree.

OCGA § 9-11-60 (a) provides that "[a] judgment void on its face may be attacked in any court by any person." In *Murphy v. Murphy*, 263 Ga. 280, 282 (430 SE2d 749) (1993), the Supreme Court of Georgia held that the phrase " 'void on its face' means 'those judgments which lack either personal or subject matter jurisdiction.' " *Mary A. Stearns, P.C. v. Williams-Murphy*, 263 Ga. App. 239, 245 (4) (587 SE2d 247) (2003). "Other judgments must be attacked by motion, and only in the court of rendition."[2] (Citation omitted.) *Moseley v. Interfinancial Mgmt. Co.*, 224 Ga. App. 80, 83 (1) (479 SE2d 427) (1996). We have held that a nonparty's failure to receive notice of a contempt hearing establishes lack of personal jurisdiction. See *Schwindler v. State*, 261 Ga. App. 30, 31 (2) (581 SE2d 619) (2003) (trial court properly dismissed motion for contempt against sheriff and his employees, who were nonparties to criminal case, for lack of personal jurisdiction, in light of evidence that they were not

---

[2] OCGA § 9-11-60 (b), (f) (motions to set aside pursuant to this Code section must be brought within three years of judgment).

served with a contempt citation and rule nisi).

Notwithstanding the trial court's finding that the certified mail notices to Sun "went unclaimed[,]" the contempt order also clearly concluded that the rule nisi and motion for contempt were sent to Sun by regular mail. See *State Farm &c. Ins. Co. v. Drury*, 222 Ga. App. 196, 197 (1) (474 SE2d 64) (1996) (where notice was mailed to insured at his last known address with correct postage affixed and mailed in the United States Post Office, a presumption exists that the notice was received by the insured). The trial court further found that the rule nisi order and copy of the motion for contempt were sent to Sun and Shek placing them

> on notice that [the Girardots were] specifically requesting, among other things, that the Court enter an order to incarcerate . . . Shek, individually, and [Sun], individually for their willful contempt of the Court's September 27, 2000 Permanent Injunction order and that failure of the parties to attend the hearing may result in incarceration.

We have no basis to disturb the trial court's findings especially in view of Sun's failure to provide a copy of a transcript or stipulation of the contempt proceedings with the record on appeal.

> There is a presumption, in the absence of a showing to the contrary, that a public official, including a trial judge, performed faithfully and lawfully the duties devolving upon him by law. And, an appeal with enumerations of error dependent upon consideration of the evidence heard by the trial court, will — absent a transcript, be affirmed. It is the duty of the party asserting error to show it by the record.

(Citations and punctuation omitted.) *Fine v. Fine*, 281 Ga. 850, 852 (1) (642 SE2d 698) (2007). Accordingly, the trial court was authorized to exercise personal jurisdiction over Sun and to cite him for contempt. In *Anthony*, supra, the Supreme Court of Georgia held that "[a] person may be held in contempt of a court order entered in a proceeding in which he was not a party, if it is shown that the person sought to be held in contempt had actual notice of the order." (Citation omitted.) 240 Ga. at 157 (1). See *Braden v. Braden*, 260 Ga. 269, 270 (392 SE2d 710) (1990) ("In a contempt action . . . , a rule nisi is the summons which is to be served on the defendant giving him notice of the charges and the opportunity to be heard at a specified time and place.") (citations omitted); *In re Orenstein*, 265 Ga. App. 230, 233-234 (3) (593 SE2d 690) (2004) (trial court's order "requiring [attorney] to show cause as to why he should not be held

YALE LAW LIBRARY

in contempt provided [attorney] notice and an opportunity to be heard"). Inasmuch as Sun was notified of the Newton County court's intent to enforce the permanent injunction against him and the date of the contempt hearing, the trial court's reliance on *Anthony,* supra, was not misplaced.

2. In light of our disposition of Division 1, we need not consider Sun's remaining claim of error.

Given that the contempt order was not void for lack of personal jurisdiction, Sun had no standing to collaterally attack the contempt order under OCGA § 9-11-60 (a). See *Stearns,* supra, 263 Ga. App. at 245 (4). We therefore affirm the trial court's order of dismissal.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 16, 2010 — 

Joseph C. Sun, *pro se.*
*Matthew R. Girardot,* for appellees.