A91A0873, A91A0874. ROLLESTON v. MUNFORD; and vice versa.
(410 SE2d 801)

SOGNIER, Chief Judge.

These appeals arise from a ruling made in an action brought by M. Aubrey Munford as guardian of Lara Llewellyn Munford, a minor, against the trustees of a trust administered for the minor's benefit. Munford filed a motion for an award of attorney fees under OCGA § 9-15-14 (a), (b) for expenses incurred in obtaining the release of documents held by her former counsel, Moreton Rolleston, Jr. Munford was awarded $2,000 in attorney fees, and we granted Rolleston's discretionary appeal from that ruling in Case No. A91A0873. Munford cross-appeals in Case No. A91A0874, challenging the trial court's failure to award the full amount she sought.

Rolleston initially represented Munford in a series of matters arising from her dispute with the trustees, but she later terminated his services and engaged W. Stell Huie as her counsel. Rolleston then presented Munford with a bill for $100,000 for services rendered but not yet compensated. When Huie requested that Rolleston forward the files and documents he held concerning Munford's matters Rolleston refused, citing his right under OCGA § 15-19-14 (a) to hold a lien on the documents and to retain them until his fee was paid. Huie responded by sending Rolleston a copy of the Formal Advisory Opinion of the State Bar of Georgia No. 87-5 previously issued in 1987, which states that "[a]n attorney's ethical obligation not to cause prejudice to his or her client is paramount over rights under [OCGA § 15-19-14; a]ccordingly, an attorney may not to the prejudice of a client withhold the client's papers or properties upon withdrawal [from representation] as security for unpaid fees." When Rolleston rejected Huie's assertion that this advisory opinion required him to release the files, Munford filed a motion in this pending action in Fulton County Superior Court seeking an order compelling Rolleston to deliver the files. The court ruled in favor of Munford. Rolleston complied with

the order but appealed the ruling to the Supreme Court, which dismissed the appeal as moot. *Rolleston v. Munford*, Case No. S90A0104 (unreported case decided January 5, 1990). Munford then moved the trial court for recovery of $9,915 in attorney fees for services rendered by Huie and his law firm in obtaining release of the files. The court held that an award was authorized under OCGA § 9-15-14 (a) and (b), but found the reasonable value of the services provided to be only $2,000.

1. The issue presented by Rolleston's third enumeration of error is whether the advisory opinion so resolved the question of Rolleston's lien rights under OCGA § 15-19-14 that he could not present a justiciable issue of law or fact (OCGA § 9-15-14 (a)) or a legal argument that was substantially justified (OCGA § 9-15-14 (b)). We agree with Rolleston that it did not, and accordingly we reverse.

The attorney disciplinary rules in force in Georgia are promulgated by the Supreme Court pursuant to its inherent power to regulate the practice of law. *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 151-152 (8) (269 SE2d 426) (1980); see *Wallace v. Wallace*, 225 Ga. 102, 109-112 (7) (a) (166 SE2d 718) (1969). Since the creation of the State Bar of Georgia in 1963 (Ga. Laws 1963, p. 70), the State Bar Rules have provided for issuance of advisory opinions concerning the disciplinary rules. See former State Bar Rule 4-217, 219 Ga. 873, 914 (1963). Advisory opinions formerly were issued by the State Disciplinary Board "concerning a proper interpretation of the Canons of Ethics or any of the grounds for disciplinary action as applied to a given state of facts." Id. In 1986, the rules were amended to provide for the issuance of formal and informal advisory opinions. See 1986 amendment to State Bar Rules at 255 Ga. 860, 887-888. Formal advisory opinions are prepared by the Formal Advisory Opinion Board, State Bar Rules 4-402, 4-403 (a)-(c), and issued by the Supreme Court after a review and comment period. State Bar Rule 4-403 (c), (d). Formal advisory opinions, which by definition "address prospective conduct," are issued on the same grounds as stated in former Rule 4-217 for the issuance of advisory opinions. State Bar Rule 4-403 (a).

Although the Supreme Court has held that the disciplinary rules "have the effect of law," *Cambron*, supra at 151 (8), the court has not declared whether the interpretation given to those rules in formal advisory opinions constitutes controlling authority. Rule 4-403 (e) does provide that action in accordance with a formal advisory opinion "shall be a complete *defense* to any [disciplinary] grievance or formal complaint" (emphasis supplied), but the bar rules do not specify whether or to what extent conduct not in accordance with a formal advisory opinion constitutes an action contrary to established law. See generally Sammons, "Legal Ethics," 41 Mercer L. Rev. 237, 238-241 (1989). Following the statutory mandate to construe the term

"advisory" in Rules 4-402 and 4-403 according to its ordinary signification, OCGA § 1-3-1 (b), we recognize that the adjective has been defined to mean "of, giving, or containing advice." Random House Dictionary p. 30 (2d ed. 1987). Similarly, "advisory opinion" is defined as "[a] formal opinion by [a] judge or judges or a court or a law officer upon a question of law . . . not actually presented in a concrete case at law[;] . . . [m]erely opinion of judges or court, which adjudicates nothing and is binding on no one." Black's Law Dictionary p. 75 (4th ed. 1951).

Given this ordinary meaning, and considering also that a formal advisory opinion is issued prospectively, Rule 4-403 (a), we hold that the trial court erred by concluding that Formal Advisory Opinion 87-5 so controlled the issue sub judice that Rolleston was unable, as a matter of law, to present a justiciable issue of law or fact or to advance a substantially justifiable argument against the application of the opinion to the particular facts at bar. Formal advisory opinions may constitute persuasive authority on ethical questions, but we find nothing in the State Bar Rules to suggest that an attorney is precluded as a matter of law from challenging the applicability of such opinions in a concrete context. Since the opinion here was issued to provide advice concerning prospective conflicts between State Bar Standard 22 and OCGA § 15-19-14, but had not been held by a court of law to be applicable to the precise situation confronted by Rolleston (or indeed to *any* actual circumstance), he was entitled to argue that the opinion did not control the issue.

Furthermore, Rolleston also was entitled to argue, as he did below, that regardless of the controlling nature of formal advisory opinions in general, the opinion at issue was not applicable to the particular facts at bar. Rolleston argued below that the opinion did not require him to surrender the documents at issue because he was fired and thus did not "withdraw" from representation as defined in Standard 22; that his client was not prejudiced as defined in the opinion or that the prejudice could be avoided or minimized; and that the opinion was incorrect or overbroad. Having reviewed Rolleston's arguments in the context of our holding concerning the legal effect of formal advisory opinions (but without intimating an opinion whether he should have prevailed on these arguments in the trial court), we conclude these arguments had some basis in law or fact, and thus hold his conduct did not support an award of attorney fees under OCGA § 9-15-14 (a), (b). Compare *Haggard v. Bd. of Regents*, 257 Ga. 524, 527 (4) (b) (360 SE2d 566) (1987) (fee award upheld where litigants made inaccurate allegations that easily could have been verified, asserted meritless claims, and engaged in unnecessary and abusive discovery).

2. Our decision in Division 1 renders moot both Rolleston's remaining enumerations and Munford's cross-appeal in Case No.

A91A0874. The cross-appeal, therefore, is dismissed.

*Judgment reversed in Case No. A91A0873; appeal dismissed in Case No. A91A0874. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 17, 1991.

*Moreton Rolleston, Jr.*, pro se.
*Long, Aldridge & Norman, John L. Watkins, W. Stell Huie, Jack H. Watson, Jr.*, for appellee.