A01A2304. HENRY v. SWIFT, CURRIE, McGHEE & HIERS, LLP et al.
A02A0450. McDONALD v. BARRETT.
(563 SE2d 899)

PHIPPS, Judge.

We granted two applications for interlocutory appeal to consider rulings by the superior courts of Fulton and Gwinnett Counties regarding the discoverability of an attorney's memorandum summarizing conversations he had with opposing counsel. Although the appeals arose from different cases in different procedural postures, both involve the same memorandum and parties. Therefore, in the interest of judicial economy, we have consolidated the appeals in this opinion.

The Fulton County Superior Court construed the memorandum as attorney work product and protected it from discovery. The Gwinnett County Superior Court declined to shield the memorandum. We find that the record demonstrates that the memorandum is not privileged. Therefore, we reverse the Fulton County Superior Court's ruling and affirm that of the Gwinnett County Superior Court.

In the Gwinnett County case, J. Hue Henry, an attorney, represented the plaintiff, Robert Barrett. Wade Copeland, an attorney, represented the defendants, Quorum Health Resources, Inc. and C. Richard Dwozan (collectively Quorum). Summary judgment was granted to Quorum.

Quorum (represented by Copeland) then moved for attorney fees against Henry and Barrett. Henry made a claim under his errors and omissions insurance, and his insurer designated Swift, Currie,

---

[7] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

McGhee & Hiers, LLP (Swift, Currie) and one of that law firm's attorneys, James McDonald, to represent Henry. While the motion for attorney fees was pending, McDonald communicated to Henry certain statements that Copeland had made to him. Henry believed that the statements demonstrated that personal animus toward Henry was Copeland's motivation for seeking attorney fees. In January 2000, the Gwinnett County Superior Court denied Quorum's motion for attorney fees.

Thereafter, Henry and Barrett (represented by Henry) filed a motion in the Gwinnett County case against Quorum and its attorneys, including Copeland, for attorney fees incurred in defending against Quorum's motion for attorney fees. In their motion, Henry and Barrett contended that personal animus was not a proper basis for seeking attorney fees. On March 3, 2000, Henry asked McDonald to reduce Copeland's statements to writing for his use in seeking attorney fees against Copeland and the others for having to defend the earlier motion. Based on his recollection of his conversations with Copeland, McDonald wrote and placed in Henry's file a memorandum, dated March 8, 2000, that summarized his communications with Copeland. McDonald, however, refused to provide the memorandum to Henry. Explaining his practice of making notes, McDonald stated to Henry,

> I have maintained a practice of keeping notes of conversations. . . . I make those for my reference to help me in the handling of the case and in recollection of conversations. I do not make the notes for any other purpose. Nor in an exchange of candid comments have I ever conceived those given or received would be used in any case, or in any format outside of that direct conversation.

Henry then asked McDonald to turn over his entire file to him. But no memorandum was produced.

Henry thereafter sued McDonald and Swift, Currie in Fulton County Superior Court, alleging breach of fiduciary duties and seeking, among other things, the memorandum. When Henry filed a notice to produce the memorandum, McDonald responded with a motion for a protective order. After a hearing,[1] the Fulton County Superior Court granted McDonald's motion, denying Henry the memorandum.

Meanwhile, in the Gwinnett County action, Henry and Barrett subpoenaed McDonald to serve as a witness and specifically demanded him to "bring with [him] all documents in [his] possession

---

[1] The appellate record does not contain a transcript of the hearing.

which relate to your representation of J. Hue Henry and/or J. Hue Henry P.C., including but not limited to documents which reflect conversations between you and [Copeland] concerning this case and/or [Henry]." McDonald filed a motion to quash the subpoena. The Gwinnett County Superior Court denied the motion.

In Case No. A01A2304, Henry has been granted interlocutory review of the Fulton County Superior Court's ruling. In Case No. A02A0450, McDonald has been granted interlocutory review of the Gwinnett County Superior Court's ruling.

### Case No. A01A2304

1. Henry contests the Fulton County Superior Court's grant of an order protecting McDonald from production of the memorandum.

In its order, the Fulton County Superior Court recognized that frivolous litigation is destructive to the civil justice system and that retaliatory efforts to recover attorney fees serve no public interest.[2] It also noted that summary judgment had ended the underlying litigation between Henry's and Copeland's clients. The court characterized the memorandum as an attorney work product and considered whether the attorney or the client owns such. Determining that compelling production of the memorandum would "serve[ ] no useful purpose" in a dispute in which summary judgment had ended the underlying litigation and further noting that lawyers need to set down their thoughts privately for effective representation and also need to engage in candid discussions with opposing counsel in an effort to resolve suits short of trial, the trial court granted McDonald's motion for a protective order as to the memorandum.

In general, there are two standards for determining who *owns* the documents within a client's file.[3] An "entire file" standard gives a client ownership of all documents within the client's file.[4] An "end product" standard divides ownership of documents in the file between the client and the attorney and permits a lawyer to retain certain work product documents, such as notes by the attorney to himself made in preparing for deposition, trials, or interviews, or blemished drafts of other documents.[5] Such documents are character-

---

[2] However, the court specifically stated that it could not say whether either attorney fees motion was made with improper motives.

[3] See generally Restatement (Third) of the Law Governing Lawyers, § 46, Documents Relating to a Representation; Slovut, Eliminating Conflict at the Termination of the Attorney-Client Relationship: A Proposed Standard Governing Property Rights in the Client's File, 76 Minn. L.R. 1483 (1992) (comparing whether an attorney must turn over to the client the "entire file" or only the "end products," such as pleadings).

[4] See, e.g., *Resolution Trust Corp. v. H, P.C.*, 128 FRD 647 (N.D. Tex. 1989).

[5] See, e.g., *Fed. Land Bank &c. v. Fed. Intermediate Credit Bank &c.*, 127 FRD 473, 478-481 (S.D. Miss. 1989); *Corrigan v. Armstrong, Teasdale &c.*, 824 SW2d 92, 96-98 (Mo. App.

ized by candor and may contain the attorney's mental impressions, opinions, and legal theories.[6] Adopting either standard requires weighing the protections of both a lawyer's right to think and practice freely during the representation and the client's right to demand an accounting of the actions of his lawyer.[7]

Georgia has not yet considered whether the client owns his attorney's work product or whether an "end product" standard would afford a discovery privilege that properly could be asserted by a lawyer to shield certain documents from his current or former client. We need not and do not decide those questions here. The rationale supporting the "end product" standard (that unless the lawyer's recorded thoughts are protected, he will not provide effective legal services), even if adopted, would not apply to this memorandum. It cannot be argued that the composition of this memorandum, after Quorum's motion for attorney fees against Henry and Barrett had been decided on its merits in their favor, somehow assisted McDonald in defending against the attorney fees motion. In fact, McDonald concedes in his appellate brief that the memorandum "was not created to assist him in his lawsuit against Mr. Copeland and/or Quorum Health." The memorandum also is not protected by OCGA § 9-11-26 (b) (3), which, under limited circumstances, may shield from discovery a document that was "prepared in anticipation of litigation." Here, it is undisputed that McDonald prepared the memorandum after he had successfully defended Henry against Quorum's motion for attorney fees.

A party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.[8] Unquestionably, the memorandum is relevant to the issue in the Fulton County case, i.e., whether McDonald breached any fiduciary duties by refusing to provide it to Henry.

A trial court has discretion to grant a protective order controlling discovery to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense," where there is a showing of good cause.[9] Here, the trial court did not base its grant of a protective order on a good cause showing of any of the above. Having determined that no work product privilege shielded the memorandum from discovery, we conclude that the Fulton County Supe-

---

1992) (client may have right of access to information contained in an attorney's notes and memoranda, but that does not translate into an ownership interest).

[6] See *Fed. Land Bank*, supra at 478-481.

[7] See *In re Kaleidoscope, Inc.*, 25 Bankr. 729, 743 (N.D. Ga. 1982); *Fed. Land Bank*, supra at 479-480.

[8] OCGA § 9-11-26 (b) (1).

[9] OCGA § 9-11-26 (c).

rior Court erred in granting McDonald's motion for a protective order.[10]

### Case No. A02A0450

2. McDonald contests the Gwinnett County Superior Court's denial of his motion to quash the subpoena to give testimony and produce the memorandum. He claims that the memorandum consisted of his notes designed to assist him in ongoing litigation. He argues that he owns it as his work product, and it is therefore privileged from discovery. McDonald also contends that the Gwinnett County Superior Court abused its discretion in denying his motion to quash the deposition subpoena because any testimony given by him concerning the memorandum would eviscerate the work product doctrine. However, it follows from our rulings in Division 1 that these contentions are without merit.

*Judgment reversed in Case No. A01A2304. Judgment affirmed in Case No. A02A0450. Pope, P. J., and Barnes, J., concur. Smith, P. J., disqualified.*

DECIDED MARCH 28, 2002 —
RECONSIDERATIONS DENIED APRIL 10, 2002 —

*Regina M. Quick, Christopher L. Casey*, for Henry and Barrett.
*Hawkins & Parnell, Kristine B. Morain, H. Lane Young II, Debra E. LeVorse, Carl H. Anderson, Jr.*, for McDonald and Swift, Currie, McGhee & Hiers, LLP.

---

[10] Much of Henry's brief argues that McDonald breached fiduciary duties by refusing to provide the memorandum to him voluntarily. But that issue was not reached by the trial court, and we do not consider it here.

