## A02A0239. In re ESTATE OF PETERSON.
(565 SE2d 524)

ANDREWS, Presiding Judge.

Robert E. Lanyon appeals from the superior court's order finding him disqualified from serving as executor of the will of Cletus W. Peterson, deceased. The court disqualified Lanyon applying Standard 30 of former State Bar Rule 4-102 (d)[1] because he had a conflict of interest as the lawyer who prepared the will, and because he failed to follow the procedures necessary to create an exception to his disqualification as set forth in State Bar of Georgia Formal Advisory Opinion 91-1 (FAO 91-1). For the following reasons, we affirm.

The will appoints the decedent's wife as executrix, but it is undisputed that she predeceased the decedent, and that Lanyon, recognized by name in the will as the decedent's lawyer, was appointed in the will as successor executor in the event the decedent's wife was unable to serve. Lanyon filed a petition in probate court citing his appointment as executor and seeking admission of the will to probate and issuance of letters testamentary. The decedent's heirs filed a caveat objecting to Lanyon's appointment as executor on the ground that he had a conflict of interest. By consent of the parties, an immediate appeal was taken to the superior court which found in favor of the caveat and disqualified Lanyon from serving as executor.

Lanyon contends he was excepted under FAO 91-1 from disqualification under Standard 30 and that the superior court erred in disqualifying him.

Standard 30 provides that: "Except with the written consent or written notice to his client after full disclosure a lawyer shall not accept or continue employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests." FAO 91-1, issued by the Supreme Court of Georgia in September 1991, applies Standard 30 to the issue of whether it is ethically proper for a lawyer who prepared a will to serve as its executor and constitutes persuasive authority on the issue before this Court. *Rolleston v. Munford*, 201 Ga. App. 219, 220-221 (410 SE2d 801) (1991).

FAO 91-1 states in pertinent part:

> The financial interests of an executor or trustee reasonably may affect an attorney's independent professional judgment on behalf of the client. The conduct in question falls clearly within the coverage of Standard No. 30. Standard No. 30, however, provides exceptions for this type of conflict. These

---

[1] The current rule adopted after the conduct at issue is Rule 1.7 of the Georgia Rules of Professional Conduct.

exceptions to a conflict of interest are the client's written consent or written notice to the client after full disclosure.

The opinion recognizes that a client is free to appoint the lawyer hired to prepare the will as executor and that in some cases this may be in the client's best interest. Nevertheless, the opinion warns that the risk that some lawyers may take advantage of being named fiduciary for the client "creates the need for restrictions that offer assurance that the naming of the lawyer as executor or trustee is the informed decision of the testator or settlor." FAO 91-1. Accordingly, "[a]n attorney's full disclosure is essential to the client's informed decision and consent." FAO 91-1.

Under FAO 91-1, full disclosure should include an explanation of the following:

> 1) All potential choices of executor or trustee, their relative abilities, competence, safety and integrity, and their fee structure; 2) The nature of the representation and service that will result if the client wishes to name the attorney as executor or trustee (i.e., what the exact role of the lawyer as fiduciary will be, what the lawyer's fee structure will be as a lawyer/fiduciary, etc.); 3) The potential for the attorney executor or trustee hiring himself or herself or his or her firm to represent the estate or trust, and the fee arrangement anticipated; and 4) An explanation of the potential advantages to the client of seeking independent legal advice.

FAO 91-1. The opinion further provides that "[t]hese disclosures may be made orally or in writing, but the client's consent or the attorney's notice to the client should be in writing." FAO 91-1. The opinion concludes that

> it is our opinion that it is ethically permissible for testator or settlor to name as executor in a will or trustee of a trust the lawyer who has prepared the instrument when the lawyer: (a) does not promote himself or herself or consciously influence the client in the decision; (b) fully discloses the conflict as described above, and (c) either obtains client consent in some form of writing or notifies the client in writing.

FAO 91-1.

The superior court found that Lanyon did not promote himself or consciously influence his client's decision to name him as executor, and that, as permitted under FAO 91-1, Lanyon fully disclosed orally to his client the potential conflict as described in the opinion. However, the court found that, in addition to full oral disclosure, Lanyon

failed to either obtain his client's consent in writing or give his client written notice as set forth in FAO 91-1. Lanyon does not claim he gave written notice to his client, but he argues that he obtained his client's written consent when his client executed the will that recognized him as the client's attorney and nominated him as the successor executor.

We find advisory opinion FAO 91-1 persuasive and apply its provisions to the issue before us. FAO 91-1 makes clear that the client's written consent or written notice to the client after full disclosure was necessary for Lanyon to be excepted from a disqualifying conflict of interest under Standard 30. The client's execution of the will merely recognizing Lanyon as the client's attorney and nominating him as executor of the will was not sufficient under FAO 91-1 to constitute the client's written consent. Considering FAO 91-1 as a whole, and particularly in light of the opinion's provision that "[a]n attorney's full disclosure is essential to the client's informed decision and consent," we conclude that, if a client's written consent (or a lawyer's written notice to the client) does not include the required full disclosure as part of the writing, it must contain some recognition that the client's decision and consent were made with knowledge of the potential conflict of interest. In other words, the required writing must at least acknowledge the disclosure essential to an informed decision and consent.

Because Lanyon failed to give written notice to or obtain written consent from his client, the trial court properly disqualified him from serving as executor of the will.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED MAY 9, 2002 — 

*Thomas M. Green*, for appellant.
*Jones, Cork & Miller, Hubert C. Lovein, Jr., Stone & Chapman, Claire C. Chapman*, for appellee.