S02G1248. SWIFT, CURRIE, McGHEE & HIERS et al. v. HENRY et al.
(581 SE2d 37)

THOMPSON, Justice.

Pursuant to our grant of certiorari to the Court of Appeals in *Henry v. Swift, Currie, McGhee & Hiers*, 254 Ga. App. 817 (563 SE2d 899) (2002), we are called upon to resolve a question of first impression in this state: Who owns the documents in a legal file, the attorney or the client?

J. Hue Henry, an attorney, represented a client in a Gwinnett County case against Quorum Health Resources ("Quorum"), which was represented by Wade Copeland. In that case, Copeland brought a motion for attorney fees on behalf of Quorum against Henry.

Henry retained Swift, Currie, McGhee & Hiers ("Swift, Currie") to defend the motion. Swift, Currie appointed one of its partners, James T. McDonald, Jr., to handle Henry's case.

McDonald and Copeland discussed the attorney fees motion in an effort to arrive at a settlement. McDonald conveyed the gist of those discussions to Henry who came to believe that Copeland's statements indicated Copeland brought the motion because he harbored personal animosity toward Henry.

The Gwinnett County trial court ultimately denied Copeland's motion for attorney fees on January 28, 2000. However, Henry filed his own motion for attorney fees against Copeland and Quorum. On March 3, 2000, Henry asked McDonald to send him a memorandum detailing McDonald's discussions with Copeland.

McDonald prepared the memorandum on March 8, 2000; however, McDonald refused to provide the memorandum to Henry. Accordingly, Henry sought the document in the Gwinnett County case via subpoena duces tecum. McDonald moved to quash the subpoena. That prompted Henry to sue McDonald and Swift, Currie in

Fulton County.

In the Fulton County case, Henry alleged breach of fiduciary duty and sought a court order to produce the memorandum. McDonald responded by filing a motion for a protective order.

The Fulton County court granted McDonald's motion for a protective order. The Gwinnett County court denied McDonald's motion to quash the subpoena duces tecum.

Each court issued a certificate of immediate review. The Court of Appeals granted Henry's application for appeal of the Fulton County decision, as well as McDonald's application for review of the Gwinnett County decision.

The Court of Appeals questioned whether the document belonged to McDonald or Henry, but it did not answer that question because it determined that the memorandum was not entitled to "work product" protection. *Henry v. Swift, Currie, McGhee & Hiers,* supra at 820. Thus, it affirmed the Gwinnett County decision, and reversed the Fulton County decision.[1] We granted McDonald's petition for writ of certiorari.

Ordinarily, document discovery issues arise in the context of a discovery request brought by an opposing party. See, e.g., *Hickman v. Taylor,* 329 U. S. 495 (67 SC 385, 91 LE 451) (1947); *McKinnon v. Smock,* 264 Ga. 375 (445 SE2d 526) (1994); OCGA § 9-11-26 (b) (3). Document discovery issues are rare when it comes to matters between attorney and client. But it is just such a discovery issue which must be resolved in this case. Boiled down to its essence, the question is this: Does a document created by an attorney in the course of representing a client belong to the attorney or the client?

Jurisdictions which have considered this question have given different answers. A minority of courts have ruled that a document belongs to the attorney who prepared it, unless the document is sought by the client in connection with a lawsuit against the attorney. See *Corrigan v. Armstrong, Teasdale, Schlafly, Davis & Dicus,* 824 SW2d 92 (Mo. App. 1992); *BP Alaska Exploration v. Superior Court &c.,* 245 Cal. Rptr. 682 (Cal. App. 1988). These jurisdictions often employ a work product analysis and take the position that an attorney can raise the work product privilege vis-a-vis the client. If the work product privilege applies, the client cannot compel the attorney to disclose the document. See, e.g., *BP Alaska Exploration v.*

---

[1] The Court of Appeals held that the March 8 memorandum was not work product because it was prepared after the underlying litigation was terminated and, therefore, was not in anticipation of litigation. In light of our ruling, we need not reach the merits of this issue. Suffice it to say that the term "anticipation of litigation" should not be construed narrowly. The test is whether the document was prepared with a view toward prospective litigation, 8 Wright & Miller, Federal Practice and Procedure § 2024, which could include a prospective motion for expenses of litigation.

*Superior Court &c.*, supra.[2]

A majority of courts have ruled that a document created by an attorney belongs to the client who retained him. See, e.g., *Resolution Trust Corp. v. H—, P.C.*, 128 FRD 647 (N.D. Tex. 1989); *In the Matter of Kaleidoscope, Inc.*, 15 B.R. 232 (Bankr. N.D. Ga. 1981); *In the Matter of Sage Realty Corp. v. Proskauer, Rose, Goetz & Mendelsohn LLP.*, 689 NE2d 879, 883 (N.Y. 1997). Under this approach, it is presumed that a client is entitled to discover any document which the attorney created during the course of representation. Id. However, good cause to refuse discovery would arise where disclosure would violate an attorney's duty to a third party. Good cause might also be shown where the document assesses the client himself,[3] or includes "tentative preliminary impressions of the legal or factual issues presented in the representation, recorded primarily for the purpose of giving internal direction to facilitate performance of the legal services entailed in that representation." Id. at 883.

Although much can be said for the minority view, we think the majority approach is better. It places the burden on the attorney, the party who is best able to assess the "discoverability" of the document. It is, after all, the attorney who possesses the document and knows its contents. The client, on the other hand, who does not know what the document contains, can only make a general case for discovery. Id. at 882. Thus, it would be unfair, and perhaps unproductive, to put the burden on the client.

Perhaps more importantly, the majority view fosters open and forthright attorney-client relations. An attorney's fiduciary relationship with a client depends, in large measure, upon full, candid disclosure. That relationship would be impaired if attorneys withheld any and all documents from their clients without good cause, especially where the documents were created at the client's behest. See State Bar of Georgia, Formal Advisory Opinion No. 87-5 (September 26, 1988) (attorney may not, to the prejudice of client, withhold client's papers as security for unpaid fees).

Finally, insofar as the minority view employs a work product analysis, we think it is out of place in cases of this kind. Simply put, "the work product doctrine does not apply to the situation in which a client seeks access to documents or other tangible things created or

---

[2] Under the minority view, however, some documents, such as pleadings, wills, contracts, correspondence, and other papers made public by the attorney, are not considered work product. These documents, deemed "end product," are owned by the client. *Federal Land Bank v. Federal Intermediate Credit Bank*, 127 FRD 473, 480 (S.D. Miss. 1989).

[3] "'The need for lawyers to be able to set down their thoughts privately in order to assure effective and appropriate representation warrants keeping such documents secret from the client involved.' [Cit.]" *In the Matter of Sage Realty Corp. v. Proskauer, Rose, Goetz & Mendelsohn LLP.*, supra at 883.

amassed by his attorney during the course of the representation." *Spivey v. Zant*, 683 F2d 881, 885 (5th Cir. 1982); *Resolution Trust Corp. v. H—, P.C.*, supra.

Adopting the majority view, we hold, therefore, that Henry is presumptively entitled to discover the memorandum which McDonald prepared on March 8. Barring a showing by McDonald of good cause to refuse access to the memorandum, Henry must be given an opportunity to inspect and copy it.

In passing, we observe that the March 8 memorandum does not appear in the record. Thus, whether good cause exists to refuse access to the document cannot be determined at this juncture. Upon remittitur, should McDonald assert good cause to refuse access, the superior courts should resolve the dispute via hearing and an in camera inspection of the document.

The judgment of the Court of Appeals is affirmed, albeit on different grounds, and the case is remanded for further proceedings not inconsistent with this opinion.

*Judgment affirmed and case remanded with direction. All the Justices concur.*

FLETCHER, Chief Justice, concurring.

Although I generally agree with the majority's opinion, I write separately to identify a few of the issues that may arise on remand, or in future cases. First, an attorney could have a valid claim of work product protection against his client in a document that was prepared in anticipation of litigation between the client and the attorney. Second, I believe whether the client has been charged for the creation of the document should be a significant factor in deciding whether the client owns the document. Third, the document at issue in this case apparently memorializes what may be described as compromise negotiations and, therefore, would be inadmissible under OCGA § 24-3-37. On remand, the trial court should consider whether the document is inadmissible under OCGA § 24-3-37 and, if so, if it is nonetheless discoverable.[4]

DECIDED MAY 19, 2003.

*Hawkins & Parnell, H. Lane Young II, Debra E. LeVorse*, for appellants.

---

[4] See generally OCGA § 9-11-26 (b) (1).

*Regina M. Quick, Christopher L. Casey*, for appellees.

