A03A1967. MARY A. STEARNS, P.C. v. WILLIAMS-MURPHY.
(587 SE2d 247)

ELDRIDGE, Judge.

This is an appeal from a March 24, 2003 order of the Superior Court of Bartow County in which respondent Mary A. Stearns ("Stearns") was ordered to release a file relating to her representation of a former client, Laura E. Williams-Murphy ("Williams-Murphy"), in an ongoing suit and holding Stearns in contempt for disobeying an earlier court order instructing her to release the file. In several enumerations which run together as to substance, Stearns claims error in the superior court's rulings. For the reasons that follow, we affirm the judgment of the court below.

The instant case arose out of a divorce action. Initially, Stearns represented Williams-Murphy in said action and apparently com-

[18] *Carl v. State*, 234 Ga. App. 61, 64-65 (2) (f) (506 SE2d 207) (1998).
[19] *Jenkins v. State*, 268 Ga. 468, 472 (6) (491 SE2d 54) (1997).

piled a sizeable file with regard thereto. In October 2002, Williams-Murphy released Stearns as counsel of record and hired attorney Clarence Taylor to represent her in the divorce. Thereafter, beginning October 24, 2002, a series of communications began in which Taylor attempted to obtain Williams-Murphy's divorce file from Stearns. From these communications, it appears that, although Williams-Murphy had paid Stearns $15,000 for representation and had received copies of some documents contained in the file, she still owed $2,000, and Stearns would not release her file without final payment. A letter from Stearns dated December 4, 2002, confirms that,

> the client owe[s] us money and for us to release copies of the entire file the balance due would have to be paid.

In addition, a voicemail message from Stearns' billing manager stated that Williams-Murphy,

> owe[s] them an outstanding balance and, pursuant to Mary A. Stearns, the file would not be released until Ms. Murphy paid her balance in full.

A final hearing on Williams-Murphy's divorce was set for December 12, 2002. After several unsuccessful attempts to obtain the file, attorney Taylor sent Stearns a letter wherein he identified several examples of original documents contained in Williams-Murphy's file that were not returned to her at the conclusion of Stearns' representation and which were necessary for the impending litigation; these documents included Williams-Murphy's father's last will and testament, a quitclaim deed, pleadings to several third parties, and responses to those pleadings. Attorney Taylor again requested the divorce file and notified Stearns of his intent to file a motion to compel if Williams-Murphy's file was not released. The file was not forthcoming, and no response was made with regard to Taylor's notice to Stearns of his intent to file a motion to compel.

Taylor sought and received a continuance of the December 12, 2002 divorce hearing, which was reset for February 13, 2003. More communications between Taylor and Stearns ensued. On February 12, 2003, Taylor was informed that Stearns would not release Williams-Murphy's file, but would copy it when "payment was tendered." Taylor immediately filed a second motion for continuance with regard to the divorce hearing set for the next day. In addition, Taylor filed a motion to compel Stearns to release Williams-Murphy's file. Stearns received notice of the motion via fax but made no response.

The next day, February 13, 2003, the superior court heard Taylor's motion to continue and motion to compel release of Williams-

Murphy's divorce file. Stearns had no notice of the hearing and was not present. The court granted both of Taylor's motions and issued a written order compelling Stearns to "release [Williams-Murphy's] entire file and personal effects instanter." That same day Taylor presented Stearns with the order. She refused to comply.

On March 5, 2003 — 20 days after the issuance of the February 13 order on Taylor's motion to compel — Stearns filed a response to that motion in a "Special Answer and Objections and Response to Plaintiff's Motion to Compel Release of Plaintiff's File from Her Previous Counsel, Response to Motion for Attorney's Fees Against Plaintiff's Previous Counsel, and Motion to Set Aside" the superior court's February 13, 2003 order compelling release of Williams-Murphy's file. On Williams-Murphy's behalf, Taylor answered. He also filed a motion for contempt for failure to comply with the court's February 13 order. A hearing was held on these issues on March 13, 2003.

At the hearing, Stearns was given a full opportunity to show good cause for retaining Williams-Murphy's divorce file. Therein, Stearns stated that her employees are "not authorized to release an entire file especially when there was an outstanding balance." Stearns also maintained that the file had not been withheld, and that attorney Taylor was offered an opportunity to copy portions of the file at his expense, but "we won't just release the entire file to him." Further, Stearns did not deny that she refused to turn over the file pursuant to the superior court's February 13 order, but claimed that, because she had not been notified of the hearing on the motion to compel and was not present, she could not be held in contempt for noncompliance with the order: "I wasn't even here to be heard at that point in time. How could I be in contempt of an order I wasn't even here for?"

Taylor, on the other hand, stated that Stearns "consistently has said she will not release the file until that $2,000 is paid." Taylor submitted an affidavit from his paralegal that asserted, "Plaintiff's previous counsel was indicating that they would not release the file until Plaintiff paid her account balance in full." At the hearing, Taylor stated that, when Stearns was shown the February 13 order to release the Williams-Murphy file, "I got the order back and Ms. Stearns says, you need to do what you need to do, thus, the reason we are here today."

After a full evidentiary hearing, which included Stearns' introduction of testimony from her billing manager, the superior court determined that Stearns could not simply refuse to turn over documents for which Williams-Murphy had already paid $15,000 and which were needed for ongoing litigation in the same divorce case for which the file was created. The court determined that the file belonged to Williams-Murphy, and Stearns had not shown good

cause why she should retain the file. The superior court ordered Stearns to release the file immediately to attorney Taylor, which she did. The court further held Stearns in contempt for failure to comply with its February 13 order to release the file: "For you to sit there in the face of a court order and say, no, you cannot have this because you won't pay for a copy, you know, that's ridiculous." Thereafter, the superior court issued the March 24, 2003 written order currently under appeal. In its order, the court restated its February 13 ruling and specifically held that, "Respondents are ordered to release Plaintiff's file to the Plaintiff's current attorney," which action had been accomplished at the evidentiary hearing. In addition, the order granted the motion for contempt. *Held*:

1. Stearns challenges the superior court's denial of her motion to set aside the February 13, 2003 order compelling release of Williams-Murphy's divorce file. Stearns claims that the February 13 order was without an evidentiary basis. Stearns also contends that she was not notified of the ex parte hearing that resulted in the issuance of the order and was not present at the hearing, which facts resulted in procedural due process defects that rendered the February 13 order subject to set aside. We find no basis for reversal.

(a) On March 13, 2003, a full hearing was held on the motion to compel release of the Williams-Murphy file. Therein, Stearns was given ample opportunity to respond and show cause why she should retain the Williams-Murphy divorce file and the court's earlier order should be set aside. Stearns introduced evidence and made argument going to the merits of the motion to compel. After hearing evidence and argument, the court ordered Stearns to turn over the Williams-Murphy file, which she did. The court's subsequent March 24 order contains findings of fact and conclusions of law on the motion to compel release of Williams-Murphy's file. Stearns claims no procedural defects with regard to either the March 13 hearing or the resulting March 24 order, and we find none.

Since the March 13 hearing and the subsequent March 24 order addressed the same subject matter as the earlier February 13 order compelling release of Williams-Murphy's divorce file, any procedural defects with regard to the earlier order — an order with which Stearns refused to comply in any event — are cured.[1] Consequently, Stearns' claims relating to procedural defects in the February 13 order are rendered moot.[2] OCGA § 5-6-34 (d) "provides that the

---

[1] *Ebon Foundation v. Oatman*, 269 Ga. 340, 341-342 (1) (a) (498 SE2d 728) (1998).

[2] *Rolleston v. Munford*, 201 Ga. App. 219, 220 (410 SE2d 801) (1991) (compliance with order to release attorney file renders challenge to such order moot).

appellate courts of this state are not required to pass on moot questions."[3]

(b) Stearns raises for the first time the notion that the superior court had "no personal jurisdiction" over her so as to compel release of Williams-Murphy's file in the February 13 order. This contention was not asserted in Stearns' motion to set aside the February 13 order. Instead, the motion to set aside was based upon OCGA § 9-11-60 (d) (2): "[f]raud, accident, or mistake." Nor was the issue of personal jurisdiction argued in the court below. Thus, pretermitting the fact that the superior court need not establish "personal jurisdiction" over a nonparty resident in order to compel the production of necessary documents created in preparation for litigation pending before it,[4] the instant contention presents nothing for our review. "Issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken."[5]

2. At the March 13 hearing, Stearns failed to show good cause for retaining Williams-Murphy's divorce file and refusing to release it. Indeed, Stearns claimed no cause other than financial considerations. However, "an attorney may not[,] to the prejudice of [the] client[,] withhold [a] client's papers . . . as security for unpaid fees."[6] This is not a case in which the attorney's file was tangential or was sought in order to "discover" information *possibly* relating to a separate lawsuit.[7] Consequently, we reject Stearns' contention that Taylor's attempt to obtain documents directly related to the pending divorce action and prepared in anticipation thereof should have been brought in a separate legal action.[8] In this case, Williams-Murphy's file was sought by Taylor for purposes of the same pending divorce action for which the file was compiled in the first place. The superior

---

[3] *Peterson v. Baumwell*, 202 Ga. App. 283, 284 (1) (414 SE2d 278) (1991) (compliance with order to compel respondent to answer questions renders moot a challenge to the propriety of the questions); accord *In the Interest of J. B.*, 199 Ga. App. 593 (405 SE2d 574) (1991).

[4] OCGA §§ 9-11-26 (b); 9-11-34 (a), (c); *Sechler Family Partnership v. Prime Group*, 255 Ga. App. 854, 856-857 (2) (567 SE2d 24) (2002) ("discovery of nonprivileged documents also applies to nonparties").

[5] *Scott v. State*, 254 Ga. App. 728, 729 (1) (a) (563 SE2d 554) (2002). See also *Nicholson v. State*, 261 Ga. 197, 199 (403 SE2d 42) (1991) (failure to timely raise lack of personal jurisdiction waives the issue).

[6] State Bar of Georgia, Formal Advisory Opinion No. 87-5; accord *Swift, Currie, McGhee & Hiers v. Henry*, 276 Ga. 571, 573 (581 SE2d 37) (2003).

[7] Cf. *Swift, Currie, McGhee & Hiers v. Henry*, supra at 571 (attorney sought to inspect memorandum prepared by third party in separate action for possible favorable evidence).

[8] See OCGA § 9-11-26 (b).

court made an express finding that Williams-Murphy and her attorney,

> need possession of the file in order to adequately present Plaintiff's claim, which is ongoing and still within the jurisdiction of this Court.

While an attorney has a legal right to perfect a lien against "all papers and money of their clients in their possession for services rendered to them,"[9] such right generally must yield to an attorney's ethical obligation not to prejudice a former client's ongoing suit by withholding the client's file in order to collect unpaid fees.[10] To that end, there exists "a statutory right to retain appellant's file materials . . . until [the attorney's] fee claim was satisfied or [the attorney] *was otherwise directed by court order*."[11] Under these circumstances, we find no error in the superior court's March 24 order compelling Stearns to release Williams-Murphy's file to Taylor.[12]

3. Stearns argues that any order compelling her to release the Williams-Murphy file should be set aside because, "Appellant neither withheld papers nor property as security for unpaid fees. Appellant merely required copying costs for whatever additional copies Appellee's Attorney desired." Under the facts of this case, we cannot agree.

"[W]hether the client has been charged for the creation of the [file] should be a significant factor in deciding whether the client owns the [file]."[13] Here, the superior court found as a matter of fact that Williams-Murphy's payment of $15,000 to Stearns was sufficient compensation to support the conclusion that the divorce file Stearns amassed on Williams-Murphy's behalf belonged to Williams-Murphy and should be turned over to her. We do not find clear error in the superior court's factual finding.

4. Finally, as a defense to that portion of the superior court's March 24 order holding Stearns in contempt for refusing to comply with the February 13 order to release Williams-Murphy's file, Stearns challenges the underlying validity of the February 13 order. Pursuant to OCGA § 9-11-60, Stearns' challenge is a collateral attack

---

[9] OCGA § 15-19-14 (a).

[10] State Bar of Georgia, Formal Advisory Opinion No. 87-5.

[11] (Emphasis supplied.) *Crockett v. Shafer*, 166 Ga. App. 453, 455 (304 SE2d 405) (1983).

[12] We reject as disingenuous Stearns' claim before this Court that her refusal to turn over Williams-Murphy's file was related to concern for "privileged, protected" internal work product. Not only was this claim never raised below, the record is abundantly clear that the only basis for Stearns' refusal to release the Williams-Murphy divorce file was financial.

[13] *Swift, Currie, McGhee & Hiers v. Henry*, supra at 574 (Fletcher, C. J., concurring).

that can be sustained only if the February 13 order is void on its face.[14]

In *Murphy v. Murphy*,[15] the Supreme Court of Georgia held that the OCGA § 9-11-60 phrase "void on its face" means "those judgments which lack either personal or subject matter jurisdiction." In that regard, "if the [trial] court has jurisdiction to make the order, it must be obeyed however wrong it may be."[16]

> The disobedience of an unsuperseded order within the jurisdiction of a court is a contempt of court, even though the order is erroneous.[17]

It is uncontroverted that the day before the hearing which resulted in the February 13 order, Taylor served Stearns with the motion to compel. Further, the Superior Court of Bartow County has jurisdiction to issue an order to compel a nonparty to release necessary nonprivileged documents specifically prepared in anticipation of a divorce action pending before the court.[18] Additionally, the record shows that Stearns wilfully disregarded the superior court's February 13 order. As the February 13 order "was entered in a matter over which the [superior] court had subject matter jurisdiction, . . . disobedience of it is contempt of court."[19] The trial court did not err in holding Stearns in contempt for her wilful disobedience of the February 13 order compelling release of the Williams-Murphy divorce file.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 5, 2003 —
RECONSIDERATION DENIED SEPTEMBER 17, 2003 — ▮

*Mary A. Stearns*, for appellant.
*Huff, Woods & Hamby, Clarence O. Taylor IV*, for appellee.

---

[14] OCGA § 9-11-60 (a); *Henderson v. Justice*, 237 Ga. App. 284, 288 (514 SE2d 713) (1999).

[15] 263 Ga. 280, 282 (430 SE2d 749) (1993).

[16] *Pearson v. George*, 211 Ga. 18 (3) (83 SE2d 593) (1954); accord *Atlanta Journal-Constitution v. Jewell*, 251 Ga. App. 808, 809 (1) (555 SE2d 175) (2001).

[17] (Citations and punctuation omitted.) *Gilbert v. E & W Constr. Co.*, 181 Ga. App. 281, 284 (2) (351 SE2d 523) (1986).

[18] OCGA §§ 9-11-26 (b); 9-11-34 (c) (1); 9-11-37 (a). See, e.g., *Williams v. Natalie Townhouses of Inman Park &c.*, 182 Ga. App. 815, 816 (357 SE2d 156) (1987) ("[T]he trial court retained jurisdiction to compel discovery in the pending action and to adjudicate persons who violate its discovery orders to be in contempt.") (citation and punctuation omitted); *Sechler Family Partnership v. Prime Group*, supra at 856-857.

[19] *Rockwood Intl. Systems Supply v. Rader Cos.*, 255 Ga. App. 881, 883-884 (2) (567 SE2d 104) (2002).