A06A1136. PUTNAM COUNTY v. ADAMS et al.
(638 SE2d 404)

ADAMS, Judge.

From April 1998 until May 2001, Putnam County ("the County") retained a private attorney, Dorothy Adams, to function as county attorney. When the representation ended, many closed files and some open files remained in Adams's possession and a dispute arose as to the procedure for transferring the files to a new county attorney, as well as issues regarding which files needed to be transferred, which documents had already been produced, and who would pay certain costs involved, including copying charges. When the parties could not agree on these details, the County filed suit seeking an order requiring Adams to turn over all of the files. Following a bench trial, the trial court granted partial relief in favor of the County. Not satisfied with the specifics, the County appeals.

Prior to trial, the court denied both parties' motions for summary judgment.[1] At trial, the trial court heard evidence and ultimately held that Adams must turn over all files regarding any pending litigation or transaction and that she must bear any associated expenses. The court also held that the County was entitled to copy any closed files

---

[1] Adams practiced law with her husband Francis N. Ford, and he handled most of the County's litigation matters. He is also a defendant and appellee.

at its own expense, although Adams would be responsible for any costs she incurred overseeing the County's effort copying these files.

The standard for appellate review of a bench trial is the clearly erroneous test:

> On appeal from a bench trial, we do not retry the case. Rather, the appellate standard of review for nonjury trials of disputed material facts is the clearly erroneous test, also known as the "any evidence" rule. As such, the sole question for determination on appeal is whether there is any evidence to authorize the trial court's judgment. It is our duty to construe the evidence to uphold the judgment rather than upsetting it. This is true regardless of whether evidence also existed that may have supported the appellant's position.

(Punctuation omitted.) *Sledge v. Peach County*, 276 Ga. App. 780 (624 SE2d 288) (2005). "In the absence of legal error, an appellate court is without jurisdiction to interfere with a judgment supported by some evidence." Id.

The County enumerates four errors, but in essence they are the same. The only dispute is who must pay for any copying of the closed files. The County contends there are no issues of fact and it is entitled to judgment as a matter of law because, absent an agreement to the contrary, a client is entitled to all of the files and any associated expenses must be borne by the former attorney.

Adams contends the trial court correctly determined that a client is only entitled to those documents necessary to avoid foreseeable prejudice to the client. Adams also contends the trial court correctly weighed the evidence and determined that the County had not shown that it would be prejudiced if it did not recover, at Adams's expense, the closed files. Adams points to evidence presented at trial that when she and Ford handled these matters, they provided the County with copies of pertinent documents and copied and returned original documents to the County. Furthermore, Adams notes, the trial court found as a matter of fact that the County had "failed to even inspect the disputed files to determine whether [the County] needed or would be prejudiced by not having the files."

In a relatively recent case, the Supreme Court of Georgia posed the question: "Who owns the documents in a legal file, the attorney or the client?" *Swift, Currie, McGhee & Hiers v. Henry*, 276 Ga. 571 (581 SE2d 37) (2003). The court held that such documents belong to the client and that a client is "presumptively entitled" to them absent "good cause" for the attorney to retain certain documents. Id. at

573-574.[2] Absent good cause, the court held, the client "must be given an opportunity to inspect and copy [the documents]." Id. at 574. Although this does not make clear who should be liable for any costs, in a formal advisory opinion issued to the State Bar of Georgia, the Supreme Court of Georgia stated that absent a prior agreement to the contrary, the attorney bears the cost of any copies of the client files he or she elects to keep. See State Bar of Georgia, Formal Advisory Opinion No. 87-5 (September 26, 1988), cited with approval in *Swift*, 276 Ga. 571.

Accordingly, we find no distinction in Georgia law between closed and open files. The client is presumptively entitled to have both types returned absent "good cause" as described in *Swift*. The foreseeable prejudice standard upon which Adams and the trial court relied is only applicable to cases where the attorney is attempting to assert a lien on the client's papers and property under OCGA § 15-19-14 (a). See Formal Advisory Opinion No. 87-5. It functions to limit the extent to which an attorney may retain those papers and property in order to assert a lien in connection with unpaid legal services. Id. See, e.g., *Mary A. Stearns, P.C. v. Williams-Murphy*, 263 Ga. App. 239, 244 (2) (587 SE2d 247) (2003). But where there are no unpaid legal services the client is entitled to the return of his or her papers and property, as well as documents created by the attorney in the course of representing the client. See *Swift*, 276 Ga. at 572 (addressing documents created by the attorney).

The trial court in this case applied the wrong legal standard; however it also appears to have taken into account testimony and other evidence to show that Adams may have already turned over some number of the documents sought by the County. We therefore reverse and remand this matter to the trial court for reconsideration of the facts and circumstances in light of the law set forth above.

*Judgment reversed and case remanded with direction. Blackburn, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 2, 2006.

---

[2] The Supreme Court explained that good cause would arise where disclosure would violate an attorney's duty to a third party. Good cause might also be shown where the document assesses the client himself, or includes "tentative preliminary impressions of the legal or factual issues presented in the representation, recorded primarily for the purpose of giving internal direction to facilitate performance of the legal services entailed in that representation." Id. at 573.

*Donald W. Huskins*, for appellant.
*Adams & Ford, Dorothy J. Adams, Francis N. Ford*, pro se.