A07A2135. ADAMS et al. v. PUTNAM COUNTY.
(658 SE2d 805)

ADAMS, Judge.

This is the second appearance in this Court of a dispute between an attorney and client over copying charges for approximately two "bankers boxes" of files. See *Putnam County v. Adams*, 282 Ga. App. 226 (638 SE2d 404) (2006). The facts are set forth in the earlier appeal:

> From April 1998 until May 2001, Putnam County ("the County") retained a private attorney, Dorothy Adams, to function as county attorney. When the representation ended, many closed files and some open files remained in Adams's possession and a dispute arose as to the procedure for transferring the files to a new county attorney, as well as issues regarding which files needed to be transferred, which documents had already been produced, and who would pay certain costs involved, including copying charges. When the parties could not agree on these details, the County filed suit seeking an order requiring Adams to turn over all of the files.

---

> Following a bench trial, the trial court granted partial relief in favor of the County. Not satisfied with the specifics, the County appeal[ed].

Id. In the earlier appeal, we remanded the case to the trial court to apply Georgia law that provides that a client is "presumptively entitled" to the client files absent "good cause" for the attorney to retain certain documents and that "absent a prior agreement to the contrary, the attorney bears the cost of any copies of the client files he or she elects to keep. [Cits.]" Id. at 228.

Upon remand, the trial court conducted a hearing and concluded that there was no prior agreement between the parties providing that the client would reimburse the attorney for copying expenses. The court therefore held that Putnam County was entitled to possession of the files and that Adams could copy, at her own expense, any documents from the files that she wished to retain. In this appeal, Adams enumerates two errors.

1. Adams contends the trial court erred in concluding that there was no prior agreement regarding reimbursement for copying expenses. She asserts she presented some evidence that there was a prior agreement whereas the county presented no evidence to the contrary. The evidence Adams presented was a billing printout showing that she had regularly billed the county for copies made as a part of her representation of the county and that the county had paid for those copies. We find no error. There is a difference between a prior agreement that the client pay for necessary copies during the course of the representation and an agreement regarding who will pay for copies necessitated by the termination of the relationship between the attorney and client when the client is presumptively entitled to return of its files. Adams has not pointed to evidence of the latter type of agreement. Thus, the trial court's decision was not clearly erroneous.

2. Adams contends the trial court erred by requiring her to bear the cost of copying documents she wished to retain because she had already provided copies of those documents to the county during the course of the representation. But, as she has shown, the county paid for the copies it was provided during the representation. Those copies are different from the "client file" generated by the fees paid for attorney services, to which a client is "presumptively entitled." See generally *Mary A. Stearns, P.C. v. Williams-Murphy*, 263 Ga. App. 239, 244 (3) (587 SE2d 247) (2003) (fee paid to attorney was sufficient compensation to support conclusion that file belonged to client). We find no clear error.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 4, 2008.

*Adams & Ford, Dorothy J. Adams, Francis N. Ford,* for appellants.

*Donald W. Huskins,* for appellee.